**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GARY BERNTSEN                 )
                             )
    Plaintiff,                  )
                             )
        v.                   )     Civil Action No: 05CV1482 (CCK)
                             )
CENTRAL INTELLIGENCE AGENCY   )
                             )
    Defendant               )

## PLAINTIFF S EX-PARTE MOTION FOR EXPEDITED PROCEEDINGS

NOW COMES Plaintiff, Gary Bernsen, by and through undersigned counsel, and moves this Honorable Court, *ex-parte,* to order expedited proceedings in the above-captioned matter.

In support thereof, Plaintiff avers as follows:

### PRELIMINARY STATEMENT

It is well settled that fragile First Amendment rights are often lost or prejudiced by delay. Courts have therefore been willing to expedite proceedings involving First Amendment rights. *Bernard v. Gulf Oil Co.,* 619 F.2d 495, 470 (5th Cir. 1980), aff d, 452 U.S. 89 (1981).

This case presents a threat to the vitality of First Amendment rights among former and current employees of the government arising from Defendant s effective imposition of a prior restraint on publication. Defendant Central Intelligence Agency ( CIA ) - has effectively blocked the publication of Plaintiff s manuscript by failing to complete its pre-publication review in a timely fashion.

Having absolutely no lawful authority to take these actions, the CIA endeavors to cloak its behavior as legitimate by hiding behind an unconstitutional interpretation of the secrecy agreement executed by Plaintiff, who is a former employee with the Agency. However, the

ability of the government to inhibit First Amendment rights extends only to that information that is classified. The dissemination of unclassified information, which much, if not all, of the manuscript contains, cannot be blocked by the government.

Thus, this case presents sensitive and important First Amendment questions that cry out for immediate resolution.

## FACTUAL SUMMARY

Plaintiff was employed by the CIA as an Operations Officer from October 4, 1982 to June 17, 2005. One month prior to his resignation, on May 17, 2005 Plaintiff submitted, pursuant to one or more secrecy agreements, a draft manuscript of his memoirs to the CIA s Office of Prepublication Review ( PRB ) for prepublication review. The CIA is required to issue decisions regarding submissions within thirty days of receipt of the document. together with his draft manuscript Plaintiff also provided to the PRB some 20 books and other printed references documenting the prior declassification or otherwise public domain status of all of the information set forth in his manuscript. To date, more than 60 days after its submission, Plaintiff still has not received his manuscript from the PRB and is informed that all but three of his supporting references have been lost or misplaced by Defendant. Plaintiff also is informed that the Directorate of Operations ( DO ) has proposed a cumulative total of some 30 pages of redaction from his manuscript. Plaintiff has a contract with Random House requiring him to have delivered his manuscript by June 17, 2005. The delivery of Plaintiff s manuscript to his publisher is now weeks overdue causing him financial loss and imperils its proposed October, 2005 publication date. (Complaint ¶¶ 5-10).

Because of Defendant s actions, this litigation was commenced on July 27, 2005. Copies

of the Summons and Complaint are in the process of being sent to the CIA, the U.S. Attorney s

Office for the District of Columbia and the Attorney General. Assuming normal mail delivery,

the U.S. Attorney s Office will most likely receive the documents on or about August 1, 2005.

Therefore, pursuant to the Federal Rules of Civil Procedure, Defendant s response to the

Complaint would not be due on or about September 29, 2005.

**ARGUMENT**

**I.      EXPEDITED REVIEW IS REQUIRED BECAUSE OF THE SIGNIFICANT AND SERIOUS FIRST AMENDMENT RIGHTS AT ISSUE**

One of the central purposes of the First Amendment is to allow publication to serve as

both a critical source of information for the public as well as an important government watchdog.

Plaintiff has written a book that contains unique information regarding his experiences. Although

Plaintiff properly and fully abided by the pre-publication review requirements imposed by his

secrecy agreement, Defendant has responded in a manner that has violated his First Amendment

rights. It has frustrated the publication of the book by failing to timely deliver his draft

manuscript and by asserting unsupportable classification decisions. Such conduct violates the

rights of free speech guaranteed by the First Amendment of the Constitution of the United States.

It is well settled by courts throughout the United States that expedited attention should be

given to cases involving First Amendment interests. *See, e.g., Action for Children s Television v.*

*FCC,* 59 F.3d 1249, 1259 (D.C. Cir. 1995) *cert. denied,* 516 U.S. 1072 (1996)(finding that the

possibility that the agency s actions might similarly run afoul of the First Amendment demands

prompt judicial scrutiny); *Bernard,* 619 F.2d at 470 ( Fragile First Amendments rights are often

lost or prejudiced by delay.Court have therefore been commendably willing to expedite

proceedings involving First Amendment right. ); *National Student Ass n v. Hershey,* 412 F.2d

1103, 1115 (D.C.Cir. 1969)(recognizing  urgency of prompt protection for frail First

Amendment interests ); *Potwora v. Dillon,* 386 F.2d 7, 76 (2d Cir. 1967)(hearing case on

expedited basis  [i]n light of plaintiffs  representation that the order deprived them of important

First Amendment rights  ).[1]

   In the landmark case involving efforts by The New York Times and The Washington Post

to publish the  Pentagon Papers  thirty years ago, the entire litigation process - from the District

Courts to the Supreme Court of the United States - occurred within a two week time frame. This

was necessary because of the serious First Amendment issues at stake and despite the fact that

the documents in question had been in the newspapers  possession for several months prior to the

time of the desired publication. *See, New York Times Co. v. United States,* 403 U.S. 713, 724

(1971)(Douglas, J., concurring).

   Defendant s conduct here is nothing less than what occurred three decades ago: an

unconstitutional attempt to preclude Plaintiff s right to publish information of which the

government has no authority to control. Courts have shown no tolerance for any attempt to

inhibit free expression that does not permit a prompt administrative and/or judicial review of the

efforts to repress speech. In the leading case of *Freedman v. State of Maryland,* 380 U.S. 51,

---

[1] *See, also, Auvil v. CBS  60 Minutes,*  800 F. Supp. 928, 937 (E.D. Wash. 1992)( The
public interest is best served by expeditious disposition of cases raising First Amendment
issues. ); *Collin v. Smith,* 447 F. Supp. 676, 680 (N.D. Ill. 1978)(ordering  trial on an expedited
schedule in view of the compelling national interest in prompt resolution of cases implicating
First Amendment freedoms ); *American Camping Ass n v. Whalen,* 465 F. Supp. 327, 330
(S.D.N.Y. 1978)(finding a  prompt trial on the merits is required  with First Amendment rights
at stake).

59-60 (1965), the Supreme Court held that providing a mechanism for prompt review is necessary to avoid offending constitutional protections.  Numerous courts thereafter faced with restrictions on the content of speech have gone to great lengths to ensure that prompt judicial review was readily available. *See, Collin v. Smith,* 578 F.2d 1197, 1209 (7th Cir. 1978)( We have endeavored to expedite decision, because to delay the exercise of First Amendment rights in itself burdens them and may risk their destruction. ); *Quarter Action Group v. Hickel,* 421 F.2d 1111, 1116 (D.C. Cir.1969)(noting  any delay in the exercise of First Amendment rights constitutes an irreparable injury to those seeking such exercise )(citation omitted).

Since Defendant s actions to frustrate the publication of Plaintiff s manuscript creates a clear First Amendment issue, this Court should do no less than its predecessors and colleagues and place this case on a expedited track. Therefore, Defendant should be required to respond to Plaintiff s Complaint within five (5) days of receiving the Summons and Complaint.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court place this matter on an expedited track for prompt resolution given the important First Amendment rights at stake.

Respectfully submitted,

_____
Roy W. Krieger
D.C. Bar# 375754
KRIEGER & ZAID, PLLC
1920 N Street, N.W., Suite 300
Washington, D.C.  20036
(202) 223-9050

Counsel For Plaintiff

## CERTIFICATE OF SERVICE

I, Roy W. Krieger, do hereby certify, that a true and correct copy of the foregoing Motion, together with a copy of the Complaint in this matter, were served via Certified Mail and telefax this 28th day of July, 2005 upon the following:

U.S. Attorney for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20001

Department of Justice
Washington, DC 20530

General Counsel
Central Intelligence Agency
Washington, D.C. 20505     (Served via Telefax on July 27th 2005)


_____
Roy W. Krieger