# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>GARY BERNSTEN,                                )<br>                                                        )<br>                            Plaintiff,        )<br>                                                        )<br>                            v.                   )<br>                                                        )<br>THE CENTRAL                               )<br>INTELLIGENCE AGENCY,              )<br>                                                        )<br>                            Defendant.  )<br>_____) | Civil Action No. 1:05cv01482-CKK |

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S "*EX-PARTE* MOTION FOR EXPEDITED PROCEEDINGS"

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

VINCENT M. GARVEY
STEVEN Y. BRESSLER D.C. Bar #482492
Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, DC  20044
Tel. No.:  (202) 514-4781
Fax No.:  (202) 318-7609

Counsel for Defendant

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ...................................................................................................... i

INTRODUCTION ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 1

      I.      PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED
              PROCEEDINGS SHOULD BE DENIED FOR FAILURE
              TO COMPLY WITH THE LOCAL AND FEDERAL RULES
              OF CIVIL PROCEDURE ........................................................................ 1

              A.     Plaintiff Has Violated Local Rule 7.1(m) ................................... 2

              B.     Plaintiff Failed to Abide by Federal Rule 5(a) ........................... 4

II.     PLAINTIFF'S REQUEST THAT THE COURT IGNORE FEDERAL
          RULE OF CIVIL PROCEDURE 12 IS UNWARRANTED ........................... 5

CONCLUSION ....................................................................................................................... 9

## TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(s)**

Action for Children's Television v. FCC,
    59 F.3d 1249 (D.C. Cir. 1995) ........................................................................ 6

Alexander v. FBI,
    186 F.R.D. 185 (D.D.C. 1999) .................................................................... 2, 4

Alexander v. FBI,
    186 F.R.D. 6 (D.D.C. 1998) ........................................................................ 4

Alexander v. FBI,
    186 F.R.D. 99 (D.D.C. 1998) ...................................................................... 4

Alexander v. FBI,
    194 F.R.D. 316 (D.D.C. 2000) .................................................................... 4

Alexander v. FBI, et al.,
    186 F.R.D. 197 (D.D.C. 1999) ............................................................... 2, 3, 4

American Camping Ass'n v. Whalen,
    465 F. Supp. 327 (S.D.N.Y. 1978) ............................................................. 7

Auvil v. CBS "60 Minutes",
    800 F. Supp. 928 (E.D. Wash. 1992) ......................................................... 7

Bernard v. Gulf Oil Co.,
    619 F.2d 459 (5th Cir. 1980) ..................................................................... 6

Broady v. New York,
    No. 01 CIV. 0724, 2001 WL 111268 (S.D.N.Y. Feb. 8, 2001) ...................... 4

Brown v. Glines,
    444 U.S. 348, 100 S.Ct. 594, 62 L.Ed.2d 540 (1980) ................................. 6

Buckley v. Valeo,
    424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976) ...................................... 6

CSC Letter Carriers,
    413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973) ................................. 6

Center for Auto Safety v. National Highway Traffic Safety Administration,
    93 F. Supp.2d 1 (D.D.C. 2000), remanded on other grounds,
    244 F.3d 144 (D.C. Cir. 2001) ...................................................................... 4

Cole v. Richardson,
    405 U.S. 676, 92 S.Ct. 1332, 31 L.Ed.2d 593 (1972) ...................................... 6

Collin v. Smith,
    447 F. Supp. 676 (N.D. Ill. 1978) ................................................................... 7

Greer v. Spock,
    424 U.S. 828, 96 S.Ct. 1211, 47 L.Ed.2d 505 (1976) ...................................... 6

Haig v. Agee,
    453 U.S. 280 (1981) .......................................................................................... 7

McGehee v. Casey,
    718 F.2d 1137 (D.C. Cir. 1983) ...................................................................... 6

National Student Ass'n v. Hershey,
    412 F.2d 1103 (D.C. Cir. 1969) ...................................................................... 6

New York Times Co. v. United States,
    403 U.S. 713 (1971) .......................................................................................... 7

Potwora v. Dillon,
    386 F.2d 74 (2d Cir. 1967) .............................................................................. 6

Semper-Moser Associates, Inc. v. Americans with Hart,
    Civ. No. 86cv2711m 1987 WL 15137 (D.D.C. July 23, 1987) ........................ 4

Snepp v. United States,
    444 U.S. 507 (1980) .......................................................................................... 5

Stillman v. CIA,
    319 F.3d 546 (D.C. Cir. 2003) ..................................................................... 7, 8

United States v. Bin Laden,
    58 F. Supp. 2d 113 (S.D.N.Y. 1999) ............................................................... 7

Unitd States v. Reynolds,
    345 U.S. 1 (1953) ............................................................................................. 8

## STATUTES

Fed. R. Civ. P. 5(a) ................................................................................................ 4

Fed. R. Civ. P. 12 ............................................................................................. 1, 2, 5

**INTRODUCTION**

On July 28, 2005, plaintiff Gary Bernsten brought this action against the Central

Intelligence Agency ("CIA") for declaratory and injunctive relief.  On that same date, and

apparently following no effort to meet and confer with counsel for defendant, plaintiff filed what

is styled an *Ex Parte* Motion for Expedited Proceedings, asking this Court to ignore the sixty-day

time period allowed the government under Rule 12 of the Federal Rules of Civil Procedure to

answer, or otherwise plead, in response to a complaint.  Instead, without any support in

precedent, plaintiff asks that the government be required to file its response only five days after

the date service of process is completed.  Plaintiff's request should be denied because of his

failure to adhere to the clear pronouncements of the Local and Federal Rules of Civil Procedure.

Moreover, plaintiff has not articulated any convincing reason why an exception should be made

in this case to require the CIA to file its response to plaintiff's complaint nearly two months early,

nor is there just cause for imposition of such an extraordinary schedule.

As set forth more fully below, the Court should not permit plaintiff to circumvent the

normal judicial process and deprive defendant of its opportunity to fully and thoroughly litigate

the issues raised by plaintiff's complaint, especially given the sensitive nature of litigation

revolving around classified information.

**ARGUMENT**

**I.     PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED PROCEEDINGS
        SHOULD BE DENIED FOR FAILURE TO COMPLY WITH THE LOCAL AND
        FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff has ignored a clear requirement of this Court, Local Rule 7.1(m), and failed to

comply with Federal Rule of Civil Procedure 5(a).  Each of these rule violations, standing alone,

justify denial of plaintiff's extraordinary request that the Court in essence set aside Fed. R. Civ.

P. 12.

### A.    Plaintiff Has Violated Local Rule 7.1(m)

It would be difficult to identify a local of federal rule of civil procedure less ambiguous

than Local Rule 7.1(m), which provides, in its entirety:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the
> anticipated motion with opposing counsel, *either in person or by telephone*, in a
> good-faith effort to determine whether there is any opposition to the relief sought
> and, if there is opposition, to narrow the areas of disagreement.  A party shall
> include in its motion a statement that the required discussion occurred, and a
> statement as to whether the motion is opposed.

Local Civil Rule 7.1(m), Rules of the U.S. District Court for the District of Columbia (emphasis

added).

"The entire purpose of the meet-and-confer rule is to force litigants to attempt to resolve,

or at least narrow, the disputed issues to prevent the unnecessary waste of time and effort on any

given motion."  Alexander v. FBI, et al., 186 F.R.D. 197, 199 (D.D.C. 1999).  Because the rule

serves such an important purpose and its requirements are so minimal, attorneys practicing before

this Court have been repeatedly warned that "[t]here can be no substantial justification" for filing

a non-dispositive motion without prior consultation with opposing counsel.  Id.

The seriousness of the rule is illustrated in Alexander v. FBI, in which the plaintiffs filed

a discovery-related motion on the same afternoon that their counsel left a vague voice message

"about a discovery motion or matter" on the answering machine of the opposing counsel.  Id. at

198.  In response to the defendant's objections to the lack of prior consultation, the plaintiff

argued that (a) opposing counsel should not have left the office so early and (b) the motion was

later opposed, so there was no harm done.  Id. at 199.

This Court took a different view:

The court notes that plaintiffs' counsel have apparently misread (or never read) Local Rule 108(m) [now recodified as Local Rule 7.1(m)].  That rule unambiguously states that the movant "shall discuss the anticipated motion with opposing counsel . . . in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." Local Rule 108(m).  The rule does not provide an exception that turns on whether opposing counsel was temporarily out of the office when it so happens that plaintiffs wish to file their motion.  Moreover, Local Rule 108(m) would be meaningless if a party could, as plaintiffs' counsel argue, file any nondispositive motions they chose without meeting and conferring, and later argue that a Local Rule 108(m) argument is moot simply because the motion is later opposed.  The entire purpose of the meet and confer rule is to force litigants to attempt to resolve, or at least narrow, the disputed issues to prevent the unnecessary waste of time and effort on any given motion.  The purpose of the rule is not simply to determine whether the motion will be opposed.

Id. (citations omitted).

Here, plaintiff filed his non-dispositive motion to expedite proceedings *ex parte*.

However, he failed to describe any efforts his counsel made to comply with Local Rule 7.1(m) or

to indicate *why* his motion had to be filed *ex parte*.  Plaintiff's counsel, Roy Krieger, and his law

firm have had prior dealings with several attorneys at the Civil Division of the Department of

Justice in similar cases, e.g. Stillman v. Central Intelligence Agency, et al., Civ. Action No.

1:01CV01342; Conway, et al. v. Tenet, et al., Civ. No. 1:99CV0095; Sterling v. CIA,

1:03CV0603.  In short, plaintiff's counsel clearly knew that he could have called the Civil

Division of the Department of Justice to fulfill the plaintiff's meet and confer obligations, yet he

did not do so.

That plaintiff's conduct violates Local Rule 7.1(m) is obvious; the only question that

remains is the appropriate remedy.  This Court has held that failure to comply with Local Rule

-3-

7.1(m) may result in the denial of the motion, the striking of the motion, or, in extreme cases, sanctions. Center for Auto Safety v. National Highway Traffic Safety Administration, 93 F. Supp.2d 1, 12 (D.D.C. 2000), remanded on other grounds, 244 F.3d 144 (D.C. Cir. 2001); Alexander v. FBI, 194 F.R.D. 316, 320 (D.D.C. 2000); Alexander v. FBI, 186 F.R.D. at 198-99; Alexander v. FBI, 186 F.R.D. 185, 187 (D.D.C. 1999); Alexander v. FBI, 186 F.R.D. 99, 101 (D.D.C. 1998); Alexander v. FBI, 186 F.R.D. 6, 9 (D.D.C. 1998).  Denial of plaintiff's motion is appropriate here.

### B.    Plaintiff Failed to Abide by Federal Rule 5(a)

Closely related to plaintiff's failure to abide by Local Rule 7.1(m) is his failure to abide by Fed. R. Civ. P. 5(a), which specifically requires that "every written motion other than one which may be heard *ex parte*" be properly served upon each of the parties.  Plaintiff has provided no explanation of the basis for his *ex parte* filing, and there is no provision in the Federal Rules or the Local Rules authorizing the filing of *ex parte* motions to expedite proceedings in this context. Cf. Local Rule 65.1, Temporary Restraining Orders and Preliminary Injunctions, ("*Except in an emergency*, the court will not consider an *ex parte* application for a temporary restraining order." (emphasis added)).  Plaintiff's failure to comply with Rule 5 is an independent ground for denial of his motion. See Semper-Moser Associates, Inc. v. Americans with Hart, Civ. No. 86cv2711, 1987 WL 15137, *1 (D.D.C. July 23, 1987) (denying motion on ground, inter alia, that "plaintiff failed to demonstrate why the motion should be entertain[ed] *ex parte*"); Broady v. New York, No. 01 CIV. 0724, 2001 WL 111268, *1 (S.D.N.Y.  Feb. 8, 2001) (denying motion where court found "no basis for the making of this motion *ex parte*").

## II.    PLAINTIFF'S REQUEST THAT THE COURT IGNORE FEDERAL RULE OF CIVIL PROCEDURE 12 IS UNWARRANTED

Rule 12 of the Federal Rules of Civil Procedure unambiguously provides that an agency of the United States "shall serve an answer to the complaint . . . within 60 days after the United States attorney is served."  See Fed. R. Civ. P. 12(a)(3).[1]  Plaintiff, however, asks this Court to ignore the rule and require defendant to respond to plaintiff's complaint within five days of service on the purported basis that his First Amendment rights are at stake.

Plaintiff has not shown why any departure from the requirements of the Federal Rules of Civil Procedure or this Court's usual practices is required here.  Furthermore, there are compelling national security reasons in this case to follow the time frame required by the Federal Rules. Mr. Bernsten is not a typical First Amendment plaintiff:  by his own admission,[2] he is bound by a non-disclosure agreement designed to prevent the unlawful disclosure of classified information.  Compl. ¶ 3.  The Supreme Court recognized the government's compelling interest in preventing the release of classified information in Snepp v. United States, 444 U.S. 507 (1980) (per curiam):

> [T]his Court's cases make clear that–even in the absence of an express agreement–the CIA could have acted to protect substantial government interests by imposing reasonable restrictions on employee activities that in other contexts

---

[1]    The United States Attorney for the District of Columbia received the complaint in this case via certified mail on August 4, 2005.  Accordingly, assuming plaintiff completes or has completed proper service on the Attorney General and the CIA as required by Rule 4, defendant's answer is due on October 3, 2005.

[2]    While defendant will assume, for the limited purposes of this memorandum, the truth of the assertions in plaintiff's complaint, defendant does not waive its right to fully respond to those allegations, and correct them (specifically including the relevant date on which plaintiff submitted the current draft of his manuscript) as necessary, in due course.  See generally Fed. R. Civ. P. 12.

-5-

> might be protected by the First Amendment. CSC Letter Carriers, 413 U.S. 548,
> 565, 93 S.Ct. 2880, 2890, 37 L.Ed.2d 796 (1973); see Brown v. Glines, 444 U.S.
> 348, 100 S.Ct. 594, 62 L.Ed.2d 540 (1980); Buckley v. Valeo, 424 U.S. 1, 25-28,
> 96 S.Ct. 612, 637-39, 46 L.Ed.2d 659 (1976); Greer v. Spock, 424 U.S. 828, 96
> S.Ct. 1211, 47 L.Ed.2d 505 (1976); id., at 844-48, 96 S.Ct. at 1220-1222
> (POWELL, J., concurring); Cole v. Richardson, 405 U.S. 676, 92 S.Ct. 1332, 31
> L.Ed.2d 593 (1972). The Government has a compelling interest in protecting both
> the secrecy of information important to our national security and the appearance
> of confidentiality so essential to the effective operation of our foreign intelligence
> service.

444 U.S. at 510 n.3. That interest is equally compelling in this case where the CIA has,

according to plaintiff, already determined that portions of his manuscript contain certain

information that if disclosed would harm national security. Pl. Mot. 2. Accordingly, plaintiff's

First Amendment interests (if any are established in this case) must be balanced against the

government's need to protect national security. Snepp, 444 U.S. 507; McGehee v. Casey, 718

F.2d 1137 (D.C. Cir. 1983).

Although plaintiff boldly claims that "[i]t is well settled by courts . . . that expedited

attention should be given to cases involving First Amendment interests," Pl. Mot. 3, *none* of the

cases he cites are analogous to the situation here, nor do they support the relief sought here.

Those cases are all inapposite because none of them involved a non-disclosure agreement

requiring pre-publication submission of materials to the government for review to prevent the

unlawful disclosure of classified information.[3] Cf. Stillman v. CIA, 319 F.3d 546, 548 (D.C. Cir.

---

[3] See, e.g., Action for Children's Television v. FCC, 59 F.3d 1249 (D.C. Cir. 1995)
(broadcasters' challenge to FCC procedures for forfeiture for broadcast of indecent material);
Bernard v. Gulf Oil Co., 619 F.2d 459 (5th Cir. 1980) (appeal of district court order restricting
communications by parties and counsel with class members in employment discrimination suit);
National Student Ass'n v. Hershey, 412 F.2d 1103 (D.C. Cir. 1969) (challenge to Selective
Service directive threatening war protestors with loss of draft deferment); Potwora v. Dillon, 386
(continued...)

2003) (explaining there is "no First Amendment right to publish" classified material).  Requiring expedited proceedings here would not give the CIA the full and fair opportunity to present to this Court the basis for a determination that portions of plaintiff's manuscript are classified and would hinder its ability to adequately protect against the disclosure of classified information, the very purpose of the agreement.[4]

Because of the importance of protecting national security, the government should be given adequate time to fully and thoroughly litigate the issues raised in this case.  Cf. Haig v. Agee, 453 U.S. 280, 307 (1981) ("no governmental interest is more compelling than the security of the nation").  As one court recognized, it is far "easier and more effective to prevent the release of classified information in advance than to attempt to undo the damage of unauthorized disclosures after the fact."  See United States v. Bin Laden, 58 F. Supp.2d 113, 121 (S.D.N.Y. 1999); see also Snepp, 444 U.S. at 512-13 (noting that potential sources would have a disincentive to provide information to the intelligence-gathering community unless the

---

[3](...continued)
F.2d 74 (2d Cir. 1967) (expedited appeal of denial of injunction seeking order to state officials to return quantity of books allegedly illegally seized); Auvil v. CBS "60 Minutes", 800 F. Supp. 928 (E.D. Wash. 1992) (defamation and disparagement suit against television network); Collin v. Smith, 447 F. Supp. 676 (N.D. Ill. 1978) (challenge by National Socialist Party to village ordinances regulating demonstrations and dissemination of materials); American Camping Ass'n v. Whalen, 465 F. Supp. 327 (S.D.N.Y. 1978) (granting preliminary injunction against enforcement of state law requiring detailed disclosure statement by out-of-state summer camps on First Amendment and Commerce Clause grounds).  Indeed, only one case cited by plaintiff – the "Pentagon Papers" case, New York Times Co. v. United States, 403 U.S. 713 (1971) – even involved classified information.

[4]    According to plaintiff, he submitted not only his draft to the CIA, but also "20 books and other printed references . . ." which, presumably, plaintiff believes the CIA must also review.

-7-

government has adequate mechanisms to prevent unauthorized disclosures).[5]

In short, plaintiff's request that proceedings in this case be expedited and that defendants be required to answer plaintiff's complaint before the government's sixty-day response period has run is unwarranted, and would prejudice defendant's ability to fully protect national security interests.  Accordingly, the Court should deny plaintiff's motion.[6]

---

[5]    As is typical in cases involving classified information, the CIA must determine how to best respond to plaintiff's lawsuit while ensuring the protection of any classified information at issue.  For example, the government may proceed by filing *in camera* declarations and pleadings if they would allow the litigation to continue without running the risk of disclosing classified information.  See, e.g., Stillman, 319 F.3d at 548-49.  Or, in certain circumstances where appropriate, it may be in the public interest for the government to assert the military and state secrets privilege.  See, e.g., United States v. Reynolds, 345 U.S. 1, 7-8 (1953). These options require thoughtful consideration and sufficient time for the CIA to prepare its defense – i.e., the time that is provided to the government under the Federal Rules.

[6]    On a number of occasions, counsel for plaintiff have filed similar or identical requests for expedition on behalf of plaintiffs raising similar issues in this Court; this Court has never granted any of those motions.  See, e.g., Stillman v. Doe, et al., 1:01cv01342-EGS (D.D.C.); Lee v. CIA, 1:03cv00206-TPJ (D.D.C.); Sterling v. CIA, 1:03cv00603-TPJ (D.D.C.).

**CONCLUSION**

Accordingly, for the reasons set forth above, the Court should deny plaintiff's "*Ex Parte*

Motion for Expedited Proceedings."

Dated: August 11, 2005

                                               Respectfully submitted,

                                               PETER D. KEISLER
                                               Assistant Attorney General

                                               KENNETH L. WAINSTEIN
                                               United States Attorney

                                               _____/s/ Steven Y. Bressler_____
                                               VINCENT M. GARVEY
                                             STEVEN Y. BRESSLER D.C. Bar #482492
                                             Attorneys, U.S. Department of Justice
                                             Civil Division, Federal Programs Branch
                                             Post Office Box 883
                                             Washington, DC  20044
                                           Tel. No.:  (202) 514-4781
                                           Fax No.:  (202) 318-7609

                                           Counsel for Defendant