UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY BERNTSEN     )<br>                         )<br>    Plaintiff,    )<br>                         )<br>    v.            )     Civil Action No: 05CV1482 (CCK)<br>                         )<br>CENTRAL INTELLIGENCE AGENCY   )<br>                         )<br>    Defendant.    )    | |

**PLAINTIFF'S REPLY IN SUPPORT OF
EX PARTE MOTION TO EXPEDITE PROCEEDINGS**

NOW COMES Plaintiff, Gary Bernsten, by and through undersigned counsel, and for his Reply in support of his Ex Parte Motion for Expedited Proceedings ("Plaintiff's Motion") avers as follows:

**INTRODUCTION**

Defendant has filed an Opposition to Plaintiff's Ex Part Motion to Expedite Proceedings ("Defendant's Opposition") that alternates between the frivolous and the obfuscatory, completely missing the point of the relief sought in Plaintiff's Motion and Complaint.

At this stage, Plaintiff seeks nothing more than an order from this Court compelling Defendant to do that which it should have done and is committed to have done 60 days ago, simply return Plaintiff's manuscript with whatever redactions it proposes to impose within 30 days of its submission to Defendant's Publication Review Board ("PRB").[1] From there, Plaintiff and undersigned counsel can review the redactions and enter into a constructive dialog with the

---

[1] PRB policy requires it process and return proposed manuscripts within 30 days of submission by the author, in conformity with the holding in *United States v. Marchetti,* 466 F.2d 1309, 1317 (4th Cir.), *cert. denied,* 409 U.S. 1063 (1972). (*See,* CIA Inspection Report of the Office of Public Affairs, Approved for Release November 6, 2003, copy attached as Exhibit 1 at 7).

PRB in an effort to either minimize to an agreeable level or write around the redactions to produce a publishable manuscript.[2] Only if an impasse is reached would the further intervention of this Court become necessary. If not, this case can be dismissed, save for Plaintiff's claim for attorneys fees under the Equal Access to Justice Act or any other applicable law. By contrast, Defendant appears to prematurely suggest the need for lengthy, wasteful, full-blown litigation over the matter.

## ARGUMENT

### I. Plaintiff's Motion Should Not be Denied for Failure to Comply With the Applicable Rules of Procedure.

Defendant begins with the near frivolous assertion that Plaintiff's Motion should be denied for failure to comply with the Local and Federal Rules of Civil Procedure. Even assuming, *arguendo,* that everything Defendant contends is true, its point is moot.

#### A. Plaintiff Had No Prior Opportunity to Confer With Counsel For Defendant Pursuant to LCvR 7(m).[3]

Defendant first contends that because Plaintiff did not confer with counsel for Defendant pursuant to LCvR 7 prior to filing the instant motion it should be summarily denied. Defendant attempts to overcome the fact that at the time of filing Plaintiff's Motion the case was not joined and no counsel of record existed for Defendant by claiming that because undersigned counsel and his firm have had prior dealing with several attorneys at the Civil Division of the

---

[2] This type of "negotiation" over redactions between the PRB and an author is expressly provided for in PRB policy. (Exhibit 1 at 6).

[3] Defendant's Motion incorrectly cites to prior LCvR 7.1(m) as the basis for the requirement to confer with opposing counsel on non-dispositive motions. This Rule was redesignated LCvR 7 effective September 1, 2003.

Department of Justice in similar cases . . . (citations omitted) [he] clearly knew that he could have called the Civil Division . . . to fulfill the plaintiff's meet and confer obligations, yet he did not do so. (Defendant's Opposition at 3). This claim is without merit.

In a case where no counsel of record yet exists, indeed, which has not yet even been joined by the defendant, Plaintiff's counsel cannot be said to have some obligation to go shopping around the Department of Justice ("DoJ") in an attempt to find someone who would take a position on an unfiled case. Such a quest would be unduly burdensome and costly to Plaintiff, unlikely to produce any useful result given the nature of the bureaucracy involved. This is underscored by the fact that the DoJ Civil Division, Federal Programs Branch does not always represent Defendant CIA in cases handled by undersigned counsel or his firm. In *Sterling v. Tenet,* 2005 U.S. App. LEXIS 15945 (August 3, 2005), originally filed in the Southern District of New York, CIA was represented by a local Assistant United States Attorney and continued to be so by another following its transfer to the Easter District of Virginia through appeal to the Fourth Circuit, despite its relation to *Stirling v. CIA,* Case No. 03 CV 0603 (D.D.C.), cited by Defendant. (Defendant's Opposition at 3). Similarly, in *G.A. v. Tenet,* Case No. 97 CV 2408 (WBB) (D.D.C.), CIA was represented by an Assistant United States Attorney for the District of Columbia. Hence, the experience of undersigned counsel and his firm is that merely filing suit against CIA does not ensure that any one component of DoJ will become counsel of record, let alone any one attorney. Indeed, while undersigned counsel has become acquainted with several DoJ attorneys through prior litigation involving CIA, Defendant's counsel of record herein, Steven Y. Bressler, is previously unknown to undersigned counsel or his firm.

Furthermore, although undersigned counsel had ongoing discussions with a CIA PRB

attorney in the weeks leading up to filing suit, despite being advised of the imminence of this action, Defendant chose not to involve DoJ until some point after suit was filed. Plaintiff should not have Defendant's obligation to obtain counsel of record shifted to him. Nor, despite having received copies of Plaintiff's Motion and Complaint via telefax contemporaneous with its filing, did DoJ or Defendant ever advise undersigned counsel or this Court that Defendant would oppose Plaintiff's Motion until the filing of Defendant's Opposition.

In any event the issue is now moot. The position of Defendant is known; as expected it opposes the Plaintiff's Motion, and during the interim this Court has taken no action that could be said to prejudice Defendant.

### B.   Plaintiff Did Not Violate Federal Rule 5(a).

Defendant next contends that Plaintiff has violated Rule 5(a), Fed.R.Civ.Proc., because he has no grounds to file an *ex parte* motion to expedite proceedings. This, too, is without merit.

Plaintiff had no option but to seek *ex parte* disposition of his Motion, as he continues to be prejudiced hour by hour through Defendant's plainly illegal delay in returning his proposed manuscript. Waiting for the 60 days in which Defendant would ordinarily have to respond would impose irreparable harm upon him as he is now well passed his deadline for submission of the manuscript to the publisher.

However, this point is now also moot. Despite its request for *ex parte* disposition, Plaintiff's Motion was served via telefax, contemporaneous with its filing, upon Defendant's Office of General Counsel ("OGC"), the United States Attorney General and the United States Attorney for the District of Columbia. Defendant has now responded and during the interim no *ex parte* disposition was made by this Court.

## II.     Plaintiff Has Every Right to Seek Expedited Relief From This Court.

Citing unspecified compelling national security reasons, Defendant contends that no grounds exist to order expedited proceedings in this matter and that it should be afforded the full 60 days in which to respond provided for in Rule 12, Fed. R.Civ.Proc. (Defendant's Opposition at 5). Defendant's contention is unsupported and completely misses the point of Plaintiff's Motion.

At this stage, plaintiff seeks only an expedited order from this Court that Defendant do what is should have done 60 days ago, return his reviewed manuscript to him so that the process may proceed. Further proceedings before this Court, expedited or otherwise, may or may not become necessary.

Defendant's avowed policy for more than 30 years has been to return reviewed manuscripts within 30 days of submission to the PRB. (Exhibit 1 at 7). This policy results from the holding in *Marchetti*, where the Fourth Circuit held that Defendant must return a proposed manuscript submitted by former CIA employee Victor Marchetti within a maximum of 30 days.

> Because we are dealing with a prior restraint upon speech, we think that the CIA must act promptly to approve or disapprove any material which may be submitted to it by Marchetti. Undue delay would impair the reasonableness of the restraint, and that reasonableness is to be maintained if the restraint is to be enforced. We should think that, **in all events, the maximum period for responding after the submission of material for approval should not exceed thirty days** (emphasis added).

*Marchetti,* 466 F.2d at 1317.

Defendant has never contested this obligation and does not do so herein. Yet, as of the date of this filing, Defendant is three times beyond this 30 day limit and offers no end in sight.

Defendant is squarely in violation of its own policies and the holding in *Marchetti,* to this there can be no serious dispute. Yet Defendant would have this Court further delay *any* relief until after October 3, 2005, more than five times the time period in which Defendant must return a reviewed manuscript. *Any* further delay of relief, particularly one of the magnitude suggested by Defendant, would visit irreparable harm upon Plaintiff.

Plaintiff's proposed manuscript, entitled *Jawbreaker,* in reference to the CIA paramilitary team dispatched to Afghanistan following the September 11, 2001 attack, is a chronicle of events that occurred as he led the team through the battles for Kabul and Tora Bora. It is currently scheduled for publication on October 18, 2005 and is already on prepublication sale.[4] Plaintiff's deadline for submission of his manuscript to his publisher (Random House) was mid June, 2005. He submitted the manuscript to the PRB on May 17, 2005. Defendant was obligated to return it by June 17, 2005 and has not. That is all that is relevant at this stage. Plaintiff is clearly entitled to the relief he seeks, immediate return of his manuscript from the PRB and the most expeditions possible relief from this Court to ensure that end.[5]

In an apparent attempt to distract from its untenable dilemma, Defendant contends that it

---

[4] *See,* Amazon.com. **http://www.amazon.com/exec/obidos/ASIN/0307237400/qid= 1123886162/sr=2-1/ref=pd_bbs_b_2_1/104-0825802-7475110**

[5] Defendant is apparently contending that Plaintiff did not submit his manuscript as an "ex-employee" until June 17, 2005., the date of his resignation. In statements to the media Defendant is quoted as stating "[Plaintiff's] timeline is not accurate," adding that he submitted his book as an ex-employee only in mid-June. *Newsweek,* "Periscope" (August 15, 2005). *See, also,* Defendant's Opposition at 5 n.2 (Defendant will "correct . . . the relevant date on which plaintiff submitted the current draft of his manuscript."). This contention is not only specious, it is irrelevant. It is undisputed that Plaintiff first delivered his proposed manuscript to the PRB on May 17, 2005. Shortly thereafter, upon the advice of counsel that if he remained an employee of CIA it could redact additional non-classified information from his manuscript deemed inimical to its function (*see,* Exhibit 1 at 2), Plaintiff determined to resign and immediately informed the PRB. Thus, the PRB was aware of Plaintiff's resignation well in advance of June 17, 2005. However, even assuming it was not, Defendant is still 30 days beyond it required review period with no end in sight.

must be afforded adequate time to fully and thoroughly litigate the issues raised in this case. (Defendant's Opposition at 7). Beyond Defendant's vague allusion to national security, however, it points to none, and none exist.[6] No justification, compelling or otherwise, exists for Defendant to continue to withhold Plaintiff's manuscript. There is nothing further to litigate at this point and may never be. To proceed otherwise is unnecessary and a waste of judicial resources.

Defendant's sanctuary of purported national security concerns is further undermined by its recent declassification of substantially identical information published by its former Operations Officer Gary Schroen in *First In*,[7] an account of his command of the JAWBREAKER team in the weeks before Plaintiff assumed command.[8] Similarly, numerous other publications also describe either the activities of JAWBREAKER, the Taliban, al-Qa'ida or the overall situation in Afghanistan during the relevant time frame, including *Ghost Wars* by Steven Coll[9] and *American Soldier* by Gen. Tommy Franks.[10]

Quite simply, every reason exists to expedite proceedings in this case and Defendant

---

[6] Defendant also suggests that the 20 printed references Plaintiff supplied with his manuscript to establish the prior declassification of information therein places an additional burden. (Defendant's Opposition at 7 n.4). These, however, were solely for the convenience of the PRB, to provide it with the necessary evidence that certain information in Plaintiff's manuscript was not classified without requiring it to conduct further research, and to balance its admitted "tendency" for "harassed reviewers to declare passages classified on questionable grounds." (Exhibit 1 at 7). Since, Defendant has now lost all but three of these references they can no longer, as it suggests, constitute required reading.

[7] *See*, Amazon.com **http://www.amazon.com/exec/obidos/ASIN/0891418725/qid=1123886506/ sr=2-1/ref=pd_bbs_b_2_1/104-0825802-7475110**

[8] Plaintiff is identified as "Gary 2" in *First In*, and his activities are described on pages 285, 299 & 300.

[9] *See*, Amazon.com **http://www.amazon.com/exec/obidos/ASIN/0143034669/qid=1123961151/sr=2-1/ref=pd_bbs_b_2_1/104-0825802-7475110**

[10] *See*, Amazon.com **http://www.amazon.com/exec/obidos/ASIN/0060731583/qid=1123961018 /sr=2-1/ref=pd_bbs_b_2_1/104-0825802-7475110**

provides this Court no justification to do otherwsie.

WHEREFORE, Plaintiff prays this Honorable Court grant his Motion and Order expedited proceedings as requested.

Respectfully submitted,

_____/s/_____
Roy W. Krieger
D.C. Bar# 375754
KRIEGER & ZAID, PLLC
1920 N Street, N.W., Suite 300
Washington, D.C.  20036
(202) 223-9050

Counsel For Plaintiff

## CERTIFICATE OF FILING

I, Roy W. Krieger, do hereby certify that a true and correct copy of the foregoing was electronically filed this 15th day of August, 2005.

_____/s/_____
Roy W. Krieger