## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARY BERNTSEN | ) | HEARING REQUESTED |
| Plaintiff, | ) | |
| v. | ) | Civil Action No: 05CV1482 (CCK) |
| CENTRAL INTELLIGENCE AGENCY | ) | NEXT SCHEDULED DEADLINE: None |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

NOW COMES Plaintiff, Gary Bernsten, by and through undersigned counsel, pursuant to 5 U.S.C. §§ 552a(g)(2)(A) & 706(2)(a); 28 U.S.C. §§ 1651, 2201 & 2202, Rule 65, Fed.R.Civ. Proc., Local Civil Rule 65.1(c) & (d), and moves this Honorable Court to issue a preliminary injunction enjoining Defendant CIA from the further sequestration, withholding, loss or destruction of Plaintiff's proposed manuscript entitled *Jawbreaker*.

Unless this Court is prepared to grant the relief requested based solely upon this Motion and any response by Defendant, Plaintiff requests a prompt evidentiary hearing on this Motion at which he anticipates presenting his testimony, that of his publisher and that of certain employees of Defendant.

In support thereof, Plaintiff avers as follows:

### FACTS

Plaintiff was formerly employed by the CIA as an Operations Officer from October 4, 1982 to June 17, 2005. On May 17, 2005 Plaintiff submitted, pursuant to one or more secrecy agreements, a draft manuscript of his memoirs to the CIA's Office of Prepublication Review ("PRB") for prepublication review. By its own policy in conformity with the holding in *United*

*States v. Marchetti,* 466 F.2d 1309, 1317 (4th Cir.), *cert. denied,* 409 U.S. 1063 (1972), the CIA is required to issue decisions regarding submissions within thirty days of receipt of the document. In order to assist the PRB in its review, together with his draft manuscript Plaintiff also provided to the PRB some 20 books and other printed references documenting the prior declassification or otherwise public domain status of all of the information set forth in his manuscript. To date Plaintiff has not received his manuscript from the PRB and is informed that all but three of his supporting references have been lost or misplaced by Defendant Plaintiff also is informed that the Directorate of Operations ( DO ) has proposed a cumulative total of some 30 pages of redaction from his 330 page manuscript. Plaintiff has a contract with Random House requiring him to deliver his manuscript by June 17, 2005. The delivery of Plaintiff s manuscript to his publisher is now weeks overdue causing him financial loss and imperils its proposed October, 18, 2005 publication date. (Plaintiff s Complaint ¶¶ 5-10).

## ARGUMENT

The circumstances alleged by Plaintiff clearly meet the requirements for the issuance of injunctive relief.

The purpose of a preliminary injunction is to prevent irreparable injury and preserve the status quo so that an adjudication may be made on the merits. *Pharmaceutical Manufacturers Ass n. v. Weinberger,* 401 F.Supp. 444, 449 (D.D.C.1975). Hence, a court has the power to issue a preliminary injunction even should it later determine that the movant s substantive claim lacks merit or that the court otherwise lacks jurisdiction. *ITT Community Development Corp. v. Barton,* 569 F.2d 1351 (5th Cir.1978).

A court considering a plaintiff s request for a preliminary injunction must examine

whether: (1) there is a substantial likelihood plaintiff will succeed on the merits; (2) plaintiff will be irreparably injured if an injunction is not granted; (3) an injunction will not substantially injure the other party; and (4) the public interest will be furthered by the injunction. These factors interrelate on a sliding scale and must be balanced against each other. If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak (internal citations omitted). *Serono Laboratories Inc. v. Shalala,* 158 F.3d 1313, 1317-18 (D.C.Cir.1998). Flexible interplay exists among these factors. *Sampson v. Murray,* 415 U.S. 61 (1974). [A] court may accept a showing that the movant has a substantial case on the merits instead of the probability of success on the merits that is ordinarily required, but only when all of the other three factors strongly favor interim relief (internal citations omitted). *PETA v. Barshefsky,* 925 F.Supp. 844, 847 (D.D.C.1996).

### I.    Plaintiff is Likely to Prevail on the Merits of His Claim.

First, Plaintiff has demonstrated a substantial case on the merits. It is undisputed that he delivered his proposed manuscript to the CIA Publication Review Board ( PRB ) on May 17, 2005. By its own policy in conformity with the holding in *Marchetti,* 466 F.2d at 1317, Defendant is required to return the manuscript within 30 days. Despite the passage of nearly 90 days it has failed to do so and has not provided any date by which it will firmly commit to do so. Defendant is facially in violation of applicable law as well as its own policies by effectively imposing an unlawful prior restraint upon Plaintiff s freedom of speech. It has not even attempted to offer any explanation for these violations.[1]

---

[1] Indeed, because Defendant s requirement that Plaintiff submit any proposed manuscript for security review in advance of its publication constitutes a prior restraint on his First Amendment rights, Defendant s delay would carr[y] a heavy burden of showing justification . . .

At stake is one of Plaintiff s most precious and fragile rights, that of freedom of speech under the First Amendment. Protection of this right is deserving of prompt and thorough judicial scrutiny. *See, Action for Children s Television v. FCC,* 59 F.3d 1249, 1259 (D.C.Cir.1995) *cert. denied,* 516 U.S. 1072 (1996); *National Student Ass n v. Hershey,* 412 F.2d 1103, 1115 (D.C.Cir. 1969). This is particularly true where, as here, the government seeks to impose a prior restraint. *Lebron v. Washington Metro. Area Transit Auth.,* 749 F.2d 893 (D.C.Cir.1984) Where such prior restraints are found to be unlawful courts do not hesitate to enjoin their enforcement. *Id.* at 897.

Plaintiff also demonstrates substantial likelihood of prevailing under provisions of Administrative Procedure Act ( APA ), 5 U.S.C. §§ 701 *et seq.* Section 706(1) provides that this Court may compel agency action that has been unlawfully withheld or unreasonably delayed. *Air Line Pilots Ass n, Int l. v. C.A.B.,* 750 F.2d 81 (D.C.Cir.1984). Either may be shown where, as here, the agency has a duty to act within a given time period and has not done so. *Telecommunications Research and Action Center v. FCC,* 750 F.2d 70 (D.C.Cir.1984). Indeed, Defendant CIA appears to have willfully and wantonly failed to act. Plaintiff is clearly prejudiced by this delay and its resolution would expedite if not resolve the administrative matter. *See, American Federation of Government Employees, AFL-CIO v. Federal Labor Relations Authority,* 593 F.Supp. 1203 (D.D.C.1984).[2]

---

. *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971).

[2] Additionally, Plaintiff has an as yet unpled claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), against those officials of CIA who are responsible for the continuing deprivation of his First Amendment rights, *Kenna v. United States Dep't of Justice,* 727 F. Supp. 64 (D.N.H. 1989); *Haynesworth v. Miller,* 820 F.2d 1245 (D.C.Cir1987), and Fifth Amendment rights, *Connelly v. Comptroler of the Currency,* 876 F.2d 1209 (5th Cir.1989).

## II.     Plaintiff Continues to Suffer Irreparable Harm From Defendant's Delay.

Absent the issuance of an injunction,l Plaintiff will clearly suffer irreparable injury for which he has no adequate legal remedy. *See, Rondeau v. Mosinee Paper Corp.,* 422 U.S. 49 (1975). An irreparable injury is one for which and ward of money damages is inadequate or difficult to ascertain. *Glasco v. Hills,* 558 F.2d 179 (5th Cir.1977). The harm itself need not necessarily be great. *Cabo Distribution Co. Inc., v. Brady,* 821 F.Supp. 582, 595 (N.D.Cal. 1992). The D.C. Circuit has held that "any delay in the exercise of First Amendment rights constitutes an irreparable injury to those seeking such exercise (citation omitted). *Quarter Action Group v. Hickel,* 421 F.2d 1111, 1116 (D.C. Cir.1969).

## III.    Defendant Will Not Be Harmed by the Relief Plaintiff Seeks.

The relief sought by Plaintiff will in no way harm Defendant, let alone substantially. It may redact whatever information in Plaintiff's manuscript it deems classified, subject to future resolution or litigation. But it must fulfill its duty to act and immediately return the manuscript to him. Defendant has provided utterly no explanation for its delay. The balance of potential harm to Plaintiff clearly favors issuance of the relief sought. *See, Riggs Investment Management Corp. v. Columbia Partners, LLC,* 966 F. Supp. 1250, 1273 (D.D.C.1997).

## IV.     The Public Interest Will be Served Through the Relief Plaintiff Seeks.

Finally, the public interest will be served by the injunctive relief sought. The protection of First Amendment rights clearly serves the public interest. *Action for Children's Television,* 59 F.3d 1249); *National Student Ass'n,* 412 F.2d 1103. The interests of national security will remain protected. The parties will be permitted to obtain a full, fair and efficient adjudication of Plaintiff's claims on their merits. Judicial economy will be served by avoiding unnecessary,

premature litigation of such a claim. Incurrence of unnecessary attorneys fees also will be avoided. Indeed, it is well recognized that issuance of an injunction is an appropriate remedy to prevent impending tortious damage. *Women Prisoners of the District of Columbia v. District of Columbia Department of Corrections,* 899 F.Supp. 659, 686 (D.D.C.1995), *remanded,* 93 F.3d 910 (1996), *cert. denied,* 520 U.S. 1196 (1997).

Pursuant to LCvR 7(m), undersigned counsel attempted without success to contact counsel for Defendant on August 15, 2005 and assumes the preceding will be opposed.

WHEREFORE, Plaintiff prays this Honorable Court grant his instant motion and immediately enjoin Defendant from any further withholding Plaintiff s manuscript from him.

Respectfully submitted,

_____
Roy W. Krieger
D.C. Bar# 375754
KRIEGER & ZAID, PLLC
1920 N Street, N.W., Suite 300
Washington, D.C. 20036
(202) 223-9050

Counsel For Plaintiff

## CERTIFICATE OF FILING

I, Roy W. Krieger, do hereby certify that a true and correct copy of the foregoing was electronically filed this 15th day of August, 2005.

_____/s/_____
Roy W. Krieger