UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GARY BERNSTEN, <br><br> Plaintiff, <br><br> v. <br><br> THE CENTRAL INTELLIGENCE AGENCY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:05cv01482-CKK <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

PRELIMINARY STATEMENT[1]

Plaintiff brought this action for declaratory and injunctive relief to compel defendant the Central Intelligence Agency ("CIA") to complete its prepublication review of plaintiff's book manuscript.  See generally Compl.  Those claims, and Plaintiff's Complaint, are moot: on August 23, the CIA completed its prepublication review of plaintiff's manuscript and informed plaintiff of redactions that must be made to protect national security pursuant to plaintiff's secrecy agreement.  See Answer.  Now, Plaintiff has brought a Second Motion for Preliminary Injunction[2] ("Pl. Mot.") seeking to compel the CIA to complete its review of plaintiff's now-partially revised manuscript.  This motion has also been superseded by events: on October 18,

---

[1] Defendant files this memorandum today to meet its deadline pursuant to the Local Rules of this Court, although Plaintiff's counsel has informed undersigned counsel that Plaintiff intends to withdraw the instant motion.

[2] Plaintiff's First Motion for Preliminary Injunction became moot on August 23, and was withdrawn.

2005, the CIA completed its review of Plaintiff's revisions. See Declaration of Richard B. Florence, attached hereto as Exhibit A ("Florence Decl."). Plaintiff therefore cannot show that he is being irreparably harmed by the CIA's failure to act, because the CIA has acted; similarly, he cannot show likelihood of future success on the merits of his claims, nor even that this Court has subject matter jurisdiction over those underlying claims, because the CIA has done that which plaintiff seeks.

By now noting that the instant motion is moot, however, the CIA does not in any way concede that plaintiff's motion or underlying claims had merit. To the contrary, the CIA has acted in good faith and with deliberate speed pursuant to plaintiff's secrecy agreement and applicable law, consistent with the complexity of the task and competing demands on the CIA's limited resources. Florence Decl. ¶¶ 3-7.

The Court should, accordingly, deny the pending Motion for Preliminary Injunction.

**ARGUMENT**

**I.    Standard of Review**

A request for emergency injunctive relief is an extraordinary remedy, and the power to issue such an injunction "should be sparingly exercised." Dorfmann v. Boozer, 414 F.2d 1168, 1173 (D.C. Cir. 1969) (quotation marks omitted). For a plaintiff to prevail in its motion for a preliminary injunction, it "must demonstrate: 1) a substantial likelihood of success on the merits, 2) that it would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction." CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir. 1995). "Notwithstanding the fluid nature of this familiar four-part inquiry, 'it is

particularly important for the [movant] to demonstrate a substantial likelihood of success on the merits'." Emily's List v. Federal Election Comm'n, 362 F.Supp.2d 43, 51 (D.D.C. 2005), quoting Barton v. Dist. of Columbia, 131 F.Supp.2d 236, 242 (D.D.C. 2001) (additional citation omitted).  In addition, since "[t]he basis of injunctive relief in the federal courts has always been irreparable harm," a plaintiff's lack of showing irreparable harm is also sufficient reason for a court to deny a preliminary injunction, even if the other three prongs are met.  CityFed Fin. Corp., 58 F.3d at 747 (quoting Samson v. Murray, 415 U.S. 61, 88 (1974)).

Further, the purpose of a preliminary injunction generally is to preserve the status quo pending litigation on the merits.  See Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977); see also Pl. Mot. 2 ("[t]he purpose of a preliminary injunction is to prevent irreparable injury and to preserve the status quo . . .").  When, as here, a movant seeks mandatory injunctive relief, i.e., an injunction that "would alter, rather than preserve, the status quo by commanding some positive act – the moving party must meet a higher standard than in the ordinary case by showing 'clearly' that he or she is entitled to relief or that 'extreme or very serious damage' will result from the denial of the injunction."  Columbia Hosp. for Women Found., Inc. v. Bank of Tokyo-Mitsubishi, Ltd., 15 F. Supp. 2d 1, 4 (D.D.C. 1997) (quoting Phillip v. Fairfield Univ., 118 F.3d 131, 133 (2d Cir. 1997)), aff'd, 159 F.3d 636 (D.C. Cir 1998); see also Emily's List, 362 F.Supp.2d at 52.  "A district court should not issue a mandatory preliminary injunction unless the facts and the law clearly favor the moving party."  Nat'l Conference on Ministry to Armed Forces v. James, 278 F. Supp. 2d 37, 43 (D.D.C. 2003) (internal quotations omitted).

II. **Plaintiff Cannot Establish Irreparable Harm or Likelihood of Success on the Merits, Because his Complaint and Motion for Preliminary Injunction are Moot**

To satisfy the case-or-controversy requirement of the U.S. Constitution, Article III, "it is not enough that a dispute was very much alive when suit was filed . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). "A case is moot if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" Pharmachemie B.V., 276 F.3d 627, 631 (D.C. Cir. 2002) (quoting Clarke v. United States, 915 F.2d 699, 700-01 [D.C. Cir.1990]); accord Public Util. of the State of Cal., et al. v. Federal Energy Regulatory Comm'n, 236 F.3d 708, 714 (D.C. Cir. 2001) (recognizing that a case becomes moot where events occur while the case is pending that "make it impossible for the court to grant any effectual relief whatever to the prevailing party") (internal quotations omitted). It is "'settled practice' to accept [government] representations in determining whether a case presents a live controversy," CISPES, et al. v. Sessions, 929 F.2d 742, 744-45 (D.C. Cir. 1991) (quoting DeFunis v. Odegaard, 416 U.S. 312, 317 [1974]); see also Ehlert v. U.S., 402 U.S. 99, 107 (1971). In addition, a court lacks subject matter jurisdiction over a case that has become moot. See Lewis, 494 U.S. 472, 477.

As discussed supra and in the Florence Decl., the CIA has now done that which plaintiff sought: it his completed review of plaintiff's manuscript under plaintiff's secrecy agreement, and informed plaintiff of necessary edits. Therefore, the instant motion is moot and plaintiff has failed to establish either irreparable harm or a likelihood of eventual success on the merits of his

claim.³ Accordingly, the Court should deny plaintiff's request for emergency injunctive relief.

## CONCLUSION

For the reasons set forth above, the Court should deny plaintiff's Motion for Preliminary Injunction.

Dated: October 19, 2005

                                      Respectfully submitted,

                                      PETER D. KEISLER
                                      Assistant Attorney General

                                      KENNETH L. WAINSTEIN
                                      United States Attorney

                                      _____/s/ Steven Y. Bressler_____
                                      VINCENT M. GARVEY
                                      STEVEN Y. BRESSLER D.C. Bar #482492
                                      Attorneys, U.S. Department of Justice
                                      Civil Division, Federal Programs Branch
                                      Post Office Box 883
                                      Washington, DC  20044

---

³     As noted supra, although the Court need not and should not reach the merits of plaintiff's motion or his underlying claims, by now explaining that they are moot the CIA does not concede that they were of any merit.  In fact, the prepublication review system of which plaintiff complained is not an unconstitutional prior restraint but, rather, has long been held constitutional by the D.C. Circuit.  McGehee v. Casey, 718 F.2d 1137, 1143, (D.C. Cir. 1983) ("We hold that the CIA censorship of 'secret' information contained in former agents' writings and obtained by former agents during the course of CIA employment does not violate the first amendment." Further, it does not "constitute[] a prior restraing in the traditional sense . . ."); see also Snepp v. United States, 444 U.S. 507 (1980); Stillman v. CIA, 319 F.3d 546, 548 (D.C. Cir. 2003) (explaining there is "no First Amendment right to publish" classified material).  Moreover, the CIA has neither unlawfully nor unreasonably withheld action under the Administrative Procedure Act, but has acted reasonably given, inter alia, the complex task before it and competing demands on its limited resources.  See, e.g., The Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1101 (D.C. Cir. 2003), quoting In re Barr Laboratories, Inc., 930 F.2d, 72 76 (D.C. Cir. 1991); Telecommunications Research and Action Center v. F.C.C. ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984) (explaining standard of review for "unreasonable delay" claims under APA, 5 U.S.C. § 706(1)); Florence Decl. ¶ 4 (CIA regulations do not require review be completed within 30 days) .