UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY BERNTSEN                          )
                                       )
                                       )
    Plaintiff,                         )
                                       )        Civil Action No: 05CV1482 (CCK)
        v.                             )
                                       )
CENTRAL INTELLIGENCE AGENCY            )
                                       )
    Defendant.                         )

## AMENDED COMPLAINT

Plaintiff Gary Bernsen brings this action against Defendant Central Intelligence Agency for injunctive and declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the All Writs Act, 28 U.S.C. § 1651, the Central Intelligence Agency's internal regulations and the First Amendment to the Constitution of the United States. The Central Intelligence Agency has unlawfully imposed a prior restraint upon Plaintiff by infringing upon his right to publish his memoirs.

### JURISDICTION

1.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

2.  Venue is appropriate in the District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

3.  Plaintiff was formerly employed by the Central Intelligence Agency as an Operations Officer. He is required by virtue of a secrecy agreement to submit all writings for prepublication review. He is a citizen of the United States and resides in the Commonwealth of Virginia.

4.  Defendant Central Intelligence Agency ("CIA") is an agency as defined by

5 U.S.C. § 701. Its actions have prevented Plaintiff from publishing his manuscript in its entirety.

## FACTS

5. Plaintiff was formerly employed by the CIA as an Operations Officer from October 4, 1982 to June 17, 2005.

6. On May 17, 2005 Plaintiff submitted, pursuant to one or more secrecy agreements, a draft manuscript of his memoirs, entitled *Jawbreaker*, to the CIA's Office of Prepublication Review ("CIA/PRB") for prepublication review.

7. Together with his draft manuscript Plaintiff also provided to the CIA/PRB 20 books and other printed references documenting the prior declassification or otherwise public domain status of all of the information set forth in his manuscript.

8. By its own internal policy in conformity with the holding in *United States v. Marchetti*, 466 F.2d 1309 , 1317 (4th Cir.), *cert. denied*, 409 U.S. 1063 (1972), the CIA is required to issue decisions regarding submissions of proposed manuscripts within thirty days of receipt of the document.

9. After the passage of 98 days and the filing of the instant action, the CIA/PRB finally returned Plaintiff's proposed manuscript on August 23, 2005 together with a 22 page inventory of hundreds of redactions, ranging in length from single words or groups of words to nine full pages of continuous text.

10. Plaintiff rewrote most of the redacted portions of his manuscript and resubmitted it to the CIA/PRB on September 1, 2005.

11.    After the passage of an additional 49 days, the CIA/PRB again returned Plaintiff's manuscript to him or about October 19, 2005. While many of the redactions were removed by the CIA/PRB, extensive portions of the manuscript remained redacted.

12.    Much of the redacted material was either previously declassified for publication in *First In,* by Gary Schroen, Plaintiff's predecessor in command of the JAWBREAKER team, and in *American Soldier* by Gen. Tommy Franks, or otherwise publicly available through sources such as, *inter alia, Ghost Wars* by Steven Coll, *I is for Infidel,* by Kathy Gannon and *Bush at War* by Bob Woodward.

13.    Plaintiff has a contract with Random House which required him to deliver his manuscript by June 17, 2005. Because of the initial delay in returning the manuscript, Plaintiff lost his publication date of October 17, 2005 and publication has now been postponed until December 27, 2005, costing Plaintiff an estimated lost sale of 50,000 copies over the holiday season. Because any further delay in submission of his manuscript to Random House will jeopardize this new date and may result in loss of his contract altogether, Plaintiff has determined to submit the manuscript for publication in its present form.

14.    A paperback edition of Plaintiff's manuscript is planned for publication in 2006. Plaintiff therefore has a continuing interest in obtaining further declassification of material for inclusion therein and continues to suffer damages from the failure of the CIA/PRB to properly declassify his manuscript to date.

## COUNT I
## FIRST AMENDMENT - RIGHT TO PUBLISH - CLASSIFICATION CHALLENGE

15. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14 above, inclusive, as if fully set forth herein.

16. Plaintiff properly submitted, pursuant to one or more secrecy agreements, his draft manuscript.

14. Defendant CIA has failed to properly declassify substantial portions respond within its prescribed time effectively denying Plaintiff the right to publish his manuscript.

15. Defendant CIA has failed to show that Plaintiff's First Amendment right to publish is outweighed by its interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjectural.

16. Defendant has failed to demonstrate the existence of substantial government interests that would enable it to prohibit the publication of certain information within Plaintiff's manuscript. Defendant has therebyposed unreasonable restrictions on Plaintiff's First Amendment activities.

17. Because Defendant has impermissibly infringed upon Plaintiff's right to publish the information contained within his manuscript, it has violated Plaintiff's First Amendment rights. Thus, Plaintiff has suffered actual adverse and harmful effects, including, but not limited to, a delay in being able to publish in a timely fashion in order to meet his contractual obligation and/or lost present or future financial opportunities.

WHEREFORE, Plaintiff requests that the Court award him the following relief:

(a)    Conduct a declassification review of the redacted/classified portions of Plaintiff's

       manuscript;

(b)    Declare that Plaintiff possesses a First Amendment right to publish the improperly

       classified redacted portions of his manuscript and order those portions

       declassified;

(c)    Declare that Defendant has violated the Administrative Procedure Act and its

       internal regulations governing prepublication review;

(d)    Award Plaintiff the costs of this action and reasonable attorney fees under the

       Equal Access to Justice Act or any other applicable law; and

(e)    Grant such other relief as the Court may deem just and proper.


                              Respectfully submitted,


                              Roy W. Krieger
                              (D.C. Bar #375754
                              KRIEGER & ZAID, PLLC
                              1920 N Street, N.W., Suite300
                              Washington, D.C. 20036
                              (202) 223-9050

                              Counsel For Plaintiff