UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GARY BERNSTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05cv01482-CKK |
| | ) | |
| THE CENTRAL INTELLIGENCE AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant the Central Intelligence Agency ("CIA"), by and through undersigned counsel, answers Plaintiff's First Amended Complaint as follows:

**FIRST DEFENSE**

The First Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Venue is not proper in this District.

**THIRD DEFENSE**

The first, unnumbered paragraph contains Plaintiff's characterization of this action, not allegations of fact requiring a response; to the extent a response is required, deny. Using the same numbering as the First Amended Complaint, Defendant answers the numbered paragraphs of the First Amended Complaint as follows:

1.  This paragraph contains conclusions of law, not allegations of fact requiring a response.

2. This paragraph contains conclusions of law, not allegations of fact requiring a response, but, to the extent a response is required, deny.

3. Admit the first sentence. As to the second sentence, deny and aver that plaintiff is required to submit for prepublication review all writings that contain any mention of intelligence data or activities, or any other data which may be based on classified information. As to the third sentence, admit that Plaintiff is a citizen of the United States; Defendant lacks knowledge or information sufficient to admit or deny that Plaintiff currently resides in the Commonwealth of Virginia.

4. The first sentence of this paragraph contains a conclusion of law, not an allegation of fact, and, therefore, no response is required. As to the second sentence, deny, except to admit that Defendant has identified certain information in Plaintiff's manuscript that cannot be published because it is classified.

5. Admit.

6. Defendant denies the allegations in this paragraph, but avers that during May, 2005, Plaintiff submitted, pursuant to one or more secrecy agreements, a draft manuscript to the CIA Publications Review Board ("PRB") for pre-publication review.

7. Deny except to admit that Plaintiff provided the CIA with printed references which Plaintiff claimed were relevant to pre-publication review of his manuscript.

8. Deny.

9. Deny, except to admit that on August 23, 2005, the CIA gave to plaintiff a copy of his manuscript in which classified information had been redacted along with a 23-page list

describing those redactions and, in some cases, including suggestions for appropriate edits, and that the suggested redactions varied in length from a single word to approximately nine pages.

10. Deny except to admit that plaintiff made some of the necessary edits and aver that plaintiff re-submitted his manuscript to the PRB in portions, with the first re-submission made on August 31, 2005, the second on September 1, 2005, and the last on September 2, 2005.

11. This paragraph contains characterizations that do not require a response but, to the extent a response is required, deny except to admit that on October 19, 2005, the CIA gave to plaintiff a copy of his manuscript in which classified information had been redacted.

12. Deny.

13. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

14. Deny that the CIA has failed to properly review and declassify any portion of plaintiff's manuscript, or that plaintiff has suffered any legally compensable damages from the CIA's review of plaintiff's manuscript. Defendant lacks knowledge or information sufficient to admit or deny the balance of this paragraph.

15. Defendant incorporates by reference paragraphs 1-14, above, as if fully set forth herein.

16. Admit that Plaintiff submitted a draft manuscript for review by the CIA pursuant to one or more secrecy agreements; Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

14.*   Deny.

15.*   This paragraph contains conclusions of law, not allegations of fact requiring a response, but, to the extent a response is required, deny.

16.*   This paragraph contains conclusions of law, not allegations of fact requiring a response, but, to the extent a response is required, deny.

17.    This paragraph contains conclusions of law, not allegations of fact requiring a response, but, to the extent a response is required, deny.

Defendant specifically denies all allegations in Plaintiffs' First Amended Complaint not otherwise answered or qualified herein. In addition, Defendant denies that Plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

//

//

//

//

//

//

//

//

//

//

---

\*   The paragraphs of this Answer are numbered to correspond with the numbering in plaintiff's First Amended Complaint; accordingly, the numbers 14-16 are repeated following the first paragraph numbered 16.

WHEREFORE, Defendant requests that this action be dismissed with prejudice and that Defendant be granted its costs and such other and further relief as the Court finds appropriate.

Dated: December 20, 2005

          Respectfully submitted,

          PETER D. KEISLER
          Assistant Attorney General

          KENNETH L. WAINSTEIN
          United States Attorney

             /s/ Steven Y. Bressler
          VINCENT M. GARVEY
          STEVEN Y. BRESSLER D.C. Bar #482492
          Attorneys, U.S. Department of Justice
          Civil Division, Federal Programs Branch
          Post Office Box 883
          Washington, DC 20044
          Tel. No.: (202) 514-4781
          Fax No.: (202) 318-7609

          Counsel for Defendant