UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GARY BERNTSEN,            )<br>                          )<br>      Plaintiff,            )<br>                          )<br>      v.                    )<br>                          )<br> THE CENTRAL              )<br> INTELLIGENCE AGENCY,     )<br>                          )<br>      Defendant.           )  | Civil Action No. 1:05cv01482-CKK |

**JOINT CASE MANAGEMENT REPORT**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, as amended, and Local Rule 16, as amended, the parties have conferred and submit the following joint report. The respective positions of the parties are set forth under each topic listed in Local Rule 16.3 as to which the parties conferred or exchanged positions.

**Plaintiff's Description of His Claims**

Plaintiff has brought suit under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the All Writs Act, 28 U.S.C. § 1651, the Central Intelligence Agency's internal regulations and the First Amendment to the Constitution of the United States. Plaintiff alleges that the Central Intelligence Agency ("CIA") has unlawfully imposed a prior restraint upon Plaintiff by infringing upon his right to publish his memoirs entitled *Jawbreaker,* published in redacted form on December 27, 2005 by Crown Publications. Plaintiff also seeks an award of the costs of this action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law.

During Plaintiff's more than 20 years as a covert CIA Operations Officer he has led the CIA response to the East Africa Embassy Bombings of U.S. Embassies, the bombing of the *USS Cole* and most notably the CIA paramilitary team code named JAWBREAKER that entered Afghanistan following the 9/11 attacks to oust the Taliban regime and pursue al Quaida operatives.

Plaintiff resigned from the CIA on June 17, 2005 to publish *Jawbreaker.* Pursuant to his security/non-disclosure agreement, Plaintiff first submitted his draft manuscript to the CIA Prepublication Review Board ("CIA/PRB") on May 17, 2005, and submitted a revised draft manuscript on September 1, 2005. In both instances the CIA/PRB failed to act in a timely fashion in returning the draft manuscript to Plaintiff and extensively redacted information that is not properly classified.

Plaintiff now seeks a declassification review of his manuscript by this Court and plans to seek damages for the delay and unwarranted redaction in a separate claim under the Federal Tort Claims Act ("FTCA") as soon as the six month deadline for CIA to act upon his administrative claim expires.

**Defendant's Description of its Defenses to Plaintiff's Currently-Pled Claims**

The redacted portions of plaintiff's manuscript were properly classified. Plaintiff, who voluntarily and knowingly signed a secrecy agreement with defendant, has no right to publish classified material. See, e.g., Stillman v. CIA, 319 F.3d 546, 548 (D.C. Cir. 2003) ("If the Government classified the information properly, then [plaintiff] simply has no first amendment right to publish it."); McGehee v. Casey, 718 F.2d. 1137, 1143 (D.C. Cir. 1983) ("[T]he CIA censorship of 'secret' information contained in former agents' writings and obtained by former agents during the course of CIA employment does not violate the first amendment.").

**(1)** ***Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.***

The parties agree that plaintiff s current claims can be resolved on summary judgment, but disagree on the appropriate scope of briefing by plaintiff s counsel.

Plaintiff's Position: Further declassification of the manuscript can be resolved by cross motions for summary judgment. Plaintiff proposes to submit his motion to CIA for prefiling security review by April 14, 2006 and file it by April 28, 2006. This motion will contain annotated references from the redacted information in the published version of *Jawbreaker* to other public source or declassified source of the same information. Plaintiff does not believe that the holding in *Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003) prevents the Court from considering Plaintiff s submission. In *Stillman,* plaintiff s counsel had not seen the draft manuscript and did not have a clearance to see it in its classified form. The opposite is true here. Furthermore, it is axiomatic that the Court would want to be fully informed of previous declassifications or other publications of the redacted information and in the interests of judicial economy would not want to undertake such research *ex parte* when the information can easily be provided by Plaintiff.

Defendant's Position: As set forth further below, the defendant expects to file a dispositive motion regarding all of plaintiff's claims on or before April 14, 2006, and believes that the case can be fully resolved by dispositive motion. The sole issue for the Court with respect to plaintiff's currently pled claims is whether the information in plaintiff's manuscript is properly classified, and as the D.C. Circuit has held, the Court should first seek to resolve that question based on *ex parte, in camera* submissions by the government without the aid of

plaintiff's counsel.  See Stillman v. CIA, 319 F.3d 546, 548 (D.C. Cir. 2003).  The Court of Appeals holding in Stillman directly controls this case.  Contrary to the representation of plaintiff's counsel, here, as in Stillman, plaintiff's counsel does *not* have, and has never had, clearance to see the classified portions of plaintiff's original manuscript.  Therefore, this case should proceed as the Court of Appeals provided in Stillman.

**(2)** *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

Plaintiff's Position:    The only amendment of the pleadings anticipated by Plaintiff is the addition of a claim under the FTCA for damages in lost sales occasioned by the delay in returning the draft and revised draft manuscripts, as well as for excessive redaction. Plaintiff cannot amend his Complaint to add the FTCA claim until the administrative claim is denied by the CIA or until six months after its submission to CIA on October 13, 2005. Adding an FTCA claim will result in also adding the United States as a defendant.

Defendant's Position: Defendant does not anticipate seeking to join any party or to amend its pleadings.  Defendant believes amendment of the pleadings at this, or a later juncture would be contrary to efficiency and judicial economy.  Rather, Defendant believes any additional claims by plaintiff should be brought in a separate action, which may or may not be related to the instant action.  Accordingly, Defendant reserves the right to oppose a second amendment to plaintiff's complaint.

**(3)** *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The parties oppose assignment of this case to a magistrate judge for all purposes. Because of the potential significance of the issues in this case, which concern the treatment of classified information, the parties believes that the Court itself should resolve the issues in this

case.

**(4)** *Whether there is a realistic possibility of settling the case.*

At present, there appears to be no realistic possibility of settlement.

**(5)** *Whether the case could benefit from the Court s alternative dispute resolution (ADR) procedures (or some other form or ADR) or Early Neutral Evaluation.*

The parties do not believe this case is suitable for ADR procedures.

**(6)** *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

Plaintiff's Position: As stated above, Plaintiff believes the First Amendment claim can be resolved through cross-motions for summary judgment. Plaintiff proposes to file his motion on April 28, 2006. Plaintiff proposes to file his opposition to Defendant s cross-motion four weeks after it is served on Plaintiff.

Defendant's Position:  Defendant is in the process of preparing a dispositive motion and one or more accompanying declarations, including an *ex parte, in camera* declaration containing classified information, that Defendant believes will fully resolve all of plaintiff's claims. Defendant proposes to file that motion on or before April 14, 2006, and proposes Plaintiff have four weeks to respond to the publicly filed portions.

**(7)** *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

Plaintiff's Position: The parties agree that they should dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**(8)** *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

<u>Plaintiff's Position:</u>   No discovery appears to be necessary for the parties to submit cross-motions for summary judgment on further declassification of the manuscript.

Discovery will be necessary for the FTCA claims on the delays in returning the draft and revised draft manuscripts, as well as the extent of redactions, should the Court order information declassified. Plaintiff believes that factual discovery on these claims can be stayed pending the Court s ruling on the further declassification of the manuscript. Plaintiff believes that discovery on the FTCA claims can be completed within a period of six months. Plaintiff anticipates the need to take no more than 10 depositions of CIA officials involved in review of the draft manuscripts, in addition to those of any expert witnesses Defendants may offer.

<u>Defendant's Position</u>: As to plaintiff s currently-pled claims, their resolution will likely require the Court's *ex parte, in camera* review of classified information submitted by the government.  Moreover, this case involves claims under the Administrative Procedure Act that are not amenable to discovery.  Thus, discovery is inappropriate.  Defendant believes that all of the pending claims in this case can be resolved through defendant's dispositive motion and its *ex parte in camera* submission of classified declarations and other classified, unredacted documents for the Court's review.  It is premature for Defendant to comment on discovery under as-yet unpled claims.

**(9)     *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.***

The parties do not believe that expert testimony will be required on the declassification portion of the case.

<u>Plaintiff s Position</u>: As outlined above, Plaintiff believes that discovery will be necessary

on his FTCA claims and that expert testimony will be necessary on the issue of damages from lost sales. Plaintiff does not believe that the exchange of expert witness reports pursuant to Rule 26(a)(2) should be modified. Plaintiff believes that depositions of expert witnesses should occur within six weeks after the exchange of expert witness reports.

<u>Defendant s Position</u>: Defendant reserves the right to oppose further amendment of the pleadings, and believes it is premature to state a position concerning discovery under as-yet unpled claims.

(10)    ***In class actions, appropriate procedures for dealing with Rule 23.***

The parties agree that the rule regarding class actions does not apply to this case.

(11)    ***Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.***

<u>Plaintiff's Position</u>: Plaintiff believes that the case can be bifurcated into two stages. First, the further declassification of the manuscript can be decided on cross-motions for summary judgment. Second, upon resolution of that issue Plaintiff s FTCA claims can be addressed. Even should the Court rule that all of the redacted information is properly classified, Plaintiff will still have a claim for undue delay in the review process leading to loss of his original publication date.

<u>Defendant's Position</u>:    Defendant believes it is premature to discuss the schedule for resolution of a Second Amended Complaint that has yet to be filed.  As the claims currently at issue in this case, Defendant believes that they can be fully resolved on defendant's dispositive motion and that no trial will be necessary.

(12)    ***The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).***

The parties believe that the setting of firm pre-trial dates is  premature until the Court has

ruled on defendant's dispositive motion.

**(13)** *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set the pretrial conference from 30 to 60 days after that conference.*

The parties believe that the setting of a firm trial date is premature until the Court has ruled on defendant's dispositive motion.

Respectfully Submitted,

| | |
|---|---|
| \_\_\_\_\_/s/ Roy W. Krieger_____ | PETER D. KEISLER |
| ROY W. KRIEGER D.C. Bar #375754 | Assistant Attorney General |
| KRIEGER & ZAID, PLLC | |
| 1920 N St., NW Suite 300 | KENNETH L. WAINSTEIN |
| (202) 223-9050 | United States Attorney |
| | |
| Counsel for Plaintiff | VINCENT M. GARVEY |
| | Deputy Branch Director |
| | |
| | \_\_/s/ Steven Y. Bressler (by permission)\_\_ |
| | STEVEN Y. BRESSLER D.C. Bar #482492 |
| | Attorney, U.S. Department of Justice |
| | Civil Division, Federal Programs Branch |
| | Post Office Box 883 |
| | Washington, DC  20044 |
| | (202) 514-4781 |
| | |
| | Counsel for Defendant |