# EXHIBIT "4"

1995 CIA PRB Regulations

## PUBLIC AFFAIRS 

2. AGENCY REVIEW OF MATERIAL INTENDED FOR NONOFFICIAL PUBLICATION

Note: The address and phone numbers on page 4 (8) have changed to:

Publications Review Board

Central Intelligence Agency
Washington, D.C. 20505



Regulation ▓▓▓ follows on succeeding pages.

PUBLIC AFFAIRS



## 2. AGENCY REVIEW OF MATERIAL INTENDED FOR NONOFFICIAL PUBLICATION

SYNOPSIS. This regulation sets forth policy and procedures that govern the submission and review of material intended for nonofficial publication by current and former Agency employees and others obligated to protect from unauthorized disclosure certain information they obtain as a result of their affiliation with CIA. It also reflects the responsibilities for prepublication review of the Publications Review Board ("PRB" or "Board") and other Agency components.

a. AUTHORITY. The National Security Act of 1947, as amended; the CIA Act of 1949, as amended; and Executive Order 12333 require the Director of Central Intelligence to protect intelligence sources and methods from unauthorized disclosure. Executive Order 12356 requires protection of classified information from unauthorized disclosure. Employees and others who have been authorized access to information the public disclosure of which could harm the national security incur special obligations to protect such information. These obligations have been embodied in secrecy agreements.

b. GENERAL

(1) Based on the above obligations and responsibilities, this regulation requires all current and former Agency employees, and others obligated by contract, to submit for prior review by CIA all materials (defined in paragraph f(1) and (2) below) intended for nonofficial publication.* This regulation also establishes standards for review.

(2) It is the Agency's policy to adopt and implement all lawful measures to protect from unauthorized disclosure information which, if disclosed, could damage the national security, and to ensure that individuals given access to such information understand and comply with their obligation not to disclose it. Prior review by the Agency of material intended for nonofficial publication is a key component of efforts to prevent unauthorized disclosures. The purpose of prepublication review is twofold: to assist individuals in meeting their obligations and to ensure that information damaging to the national security is not disclosed inadvertently. Prior restraint of publication imposed by the Agency in implementing this policy has been judicially upheld where the Agency acts without undue delay, as a general rule meaning within 30 days of receipt of the material to be reviewed.

(3) In conducting prepublication review, the Agency's policy is to:

(a) Identify information for deletion or revision only to the extent necessary to protect information the disclosure of which could harm national security;

(b) Respond in a timely manner to specific inquiries from individuals as to whether particular material must be submitted for review or about any other aspect of the review process or the Agency's substantive determination; and

(c) Provide for administrative appeal of the initial determinations.

Revised: 14 March 1995 (0036)

1

 PUBLIC AFFAIRS

### c. AUTHOR RESPONSIBILITIES

(1) Current and former Agency employees are obligated to submit material intended for nonofficial publication for prepublication review. Agency contractors and others who sign secrecy agreements with the Agency must also submit such material for prepublication review in accordance with their secrecy agreements.

(2) Submission to the Agency must be made prior to disclosing such information to anyone who is not authorized by the Agency to have access to it. The responsibility rests with the author to learn from the Agency whether the material intended for publication fits the description set forth in this paragraph. Prepublication review obligations cannot be avoided by causing another person, such as a ghostwriter, spouse, friend, or associate, to prepare the material. Revelation of information damaging to the national security to any person not authorized to receive it is prohibited.

(3) Current employees must also submit material that could reasonably be expected to impair the performance of their duties, interfere with the authorized functions of the Agency, or have an impact on the foreign relations or security of the United States.

(4) If a person with prepublication review obligations is asked to comment on the nonofficial intelligence-related materials of others not so obligated (for example, to review a book by a nongovernment author prior to publication), the CIA author should treat his or her comments as a proposed nonofficial publication subject to this regulation. If upon submission the reviewing official determines that it is necessary to review all or part of the underlying text to evaluate the comments, the CIA author should obtain the outside author's consent before submitting the relevant parts of any unpublished text to the Agency for review.

(5) Authors of material submitted to the Agency are expected to cooperate with and assist the review process. When an author claims that information intended for nonofficial publication is unclassified because it has already appeared in public, the author may be called upon to identify any open sources for information that, in the Agency's judgment, originates from classified sources. Failure or refusal to identify such public sources or otherwise to cooperate may result in refusal of authorization to publish the information in question. The author also may be requested to cite the source in a footnote.

(6) Should a person subject to the prepublication review obligation learn that another person also subject to the prepublication review obligation is preparing material intended for nonofficial publication that may contain information requiring Agency approval for public release, he or she should remind the author of the requirement to submit the material to the PRB or through his or her chain of command, as appropriate, for Agency review.

(7) It is not possible to anticipate all questions that may arise about which materials require prepublication review. Therefore, it is the author's obligation to seek guidance on all prepublication review issues not explicitly covered in this regulation.

Revised: 14 March 1995 (0036)

## PUBLIC AFFAIRS

### d. PROCEDURES FOR SUBMITTING MATERIAL FOR REVIEW



(4) Former employees and others not currently affiliated with the Agency must submit material intended for nonofficial publication to the Board (see paragraph (8) for address). The Chair will notify them of the Board's findings and act as primary spokesperson for the Agency in all communications concerning prepublication review.



(6) Authors who are directed to delete material in accordance with this regulation are required to submit final revisions to the Agency for final review.

Revised: 14 March 1995 (0036)

3



PUBLIC AFFAIRS

(7) Persons preparing material for nonofficial publication are invited at any stage to discuss their plans with the Chair, PRB, the PRB legal adviser, or an authorized representative specifically designated for this purpose. The views of the Agency may be given only by one of these individuals. Anyone acting in reliance on views expressed by any person other than such authorized Agency representative must assume responsibility for the consequences of that action.

(8) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ authors should direct questions to the Chair, Publications Review Board▓▓▓▓ Overt authors outside the Agency should include "Central Intelligence Agency, Washington, DC 20505" in the address.▓▓▓▓▓▓▓▓▓▓▓

e. AGENCY ORGANIZATION AND RESPONSIBILITIES

(1) The Board consists of a Chair designated by the Director of Information Technology and senior representatives from the Directorate of Operations, the Directorate of Administration, the Directorate of Science and Technology, the Directorate of Intelligence, the Office of the Associate Deputy Director for Administration/Information Services, the Office of Personnel Security, and the cover unit. The Board members are nominated by the appropriate Deputy Director or Operating Official for the concurrence of the Director of Information Technology. The Office of General Counsel provides a legal adviser. The Board will meet as required at the call of the Chair to ensure that the provisions of this regulation are met.

(2) The Chair will ensure that appropriate reviewers are assigned to review submitted material. If the reviewers unanimously decide that it is unobjectionable under the standards and criteria listed above, the Chair will notify the author through the appropriate channels. If any reviewer objects to publication, the matter will be resolved upon consultation with the Chair or at a Board meeting.

(3) The Chair is authorized unilaterally to represent the Board when disclosure of submitted material so clearly would not harm national security that additional review is unnecessary or when time constraints or other unusual circumstances make it impractical or impossible to convene or consult the Board. The Chair may also determine that the subject of the material is so narrow or technical that only certain Board members need be consulted.

(4) The Agency will make every effort to complete the initial review of submitted material and respond to authors within 30 days of receipt by the PRB or other reviewing official.

f. MATERIALS TO BE SUBMITTED FOR PREPUBLICATION REVIEW

(1) Material which must be submitted for prepublication review consists of all writings and scripts or outlines of oral presentations intended for nonofficial publication, including works of fiction, which contain any mention of the CIA, intelligence data or

4

Revised: 14 March 1995 (0036)

PUBLIC AFFAIRS 

Intelligence activities, or material on any subject about which the author has had access to classified information in the course of his or her employment or other CIA affiliation.

(2) The prepublication review obligation is not limited to any particular category of materials or methods of presentation or publication. It applies to both oral and written materials. With respect to written materials, it applies not only to books but to all other forms of written materials or prepared statements intended for public dissemination, such as (but not limited to) newspaper columns, magazine articles, letters to the editor, book reviews, pamphlets, scholarly papers, and nonofficial testimony prepared in advance of presentation, whether it is before a Federal or state investigative commission, a Congressional body, a judicial forum (unless the witness is a defendant in a criminal case in the United States), or any other similar proceeding. (Current employees who must make court appearances and respond to subpoenas should contact the Office of General Counsel.) Because works of fiction are often based upon and/or can be used to convey factual information, fictional accounts of the Agency or of intelligence activities are also covered. Material created or disseminated through electronic or other media also is subject to this regulation.

g. **MATERIALS NOT SUBJECT TO REVIEW**

(1) The prepublication review requirement does not apply to material that is totally unrelated to intelligence or employment matters, such as cooking, gardening, or purely domestic political matters.

(2) Material that consists solely of personal views, opinions, or judgments on matters of public concern and does not contain or purport to contain any mention of the CIA, intelligence activities or data, or information on any topic about which the author had access to classified information, is not subject to the prepublication review requirement. For example, a person with prepublication review obligations is free without prior review to submit testimony to Congress, to make public speeches or publish articles on such topics as proposed legislation as long as the material prepared for public use is not classified, does not state or imply facts about intelligence activities or substantive intelligence information, or, in the case of current employees or contractors, impair the performance of their duties or the authorized functions of the Agency or adversely affect foreign relations or national security.

(3) In some circumstances the expression of what purports to be an opinion may in fact convey information subject to prior review. For example, a former intelligence analyst's opinion that the United States can or cannot verify compliance with strategic arms limitation agreements is an implied statement of fact about Agency activities and substantive intelligence information and would be subject to prior review. This does not mean that such a statement would necessarily require deletion, but merely that the subject matter requires review by the Agency before publication. However, discussion limited to the desirability of a proposed arms limitation agreement based solely on analysis of its provisions, without any discussion of intelligence information or activities, would not require prior review.

Revised: 14 March 1995 (0036)    5

(4) Descriptions of Agency activities will require prior review. A person subject to the prepublication review obligation who writes or speaks about areas of national policy as an observer outside the government, without relying or purporting to rely on classified information, intelligence information, or other similar information does not have to submit such materials for prior review. While some "gray areas" may exist, persons preparing material intended for nonofficial publication are expected to err on the side of prepublication review.

h. **ORAL STATEMENTS** The prepublication review requirement applies to material that the person contemplates presenting publicly or actually has prepared to public presentation. Thus, a person is not in breach of the prepublication review requirement if he or she participates extemporaneously and without prior preparation in an oral expression of information (for example, news interview, panel discussion, and unrehearsed speech) and does not submit material for review in advance. Where an individual has been asked to speak or testify on matters that normally would be subject to prior review and has actually prepared for the speaking engagement or testimony in advance by making notes, drafting an outline, rehearsing with an associate, or otherwise, the exception for extemporaneous oral expression does not apply. Moreover, making a genuinely extemporaneous oral statement does not exempt an individual from liability for any unauthorized disclosure of information damaging to the national security that he or she may make in the course of such expression. Persons subject to the prepublication review obligation are encouraged to seek guidance from the PRB before granting such interviews or agreeing to make such appearances.

i. **STANDARDS OF REVIEW**

(1) The Agency may deny permission for nonofficial publication of any information obtained during the course of employment or other service with the CIA that has not been placed in the public domain by the U.S. Government and if disclosure reasonably could be expected to harm the national security interests of the United States.

(2) Permission to publish will not be denied solely because the statement may be embarrassing to or critical of the Agency.

(3) Where information contained in material intended for nonofficial publication is available to the author from classified sources and also independently from open sources, the author may be permitted to republish the information if he or she can cite an adequate open source publication and if republication of the information by that author at the time of review will not cause additional damage to the national security through authoritative confirmation of previous publications. The Board will exercise due care and discretion in making these determinations on a case-by-case basis and include as factors in its decision the following: the sensitivity of the information from classified sources, the number and currency of these previous publications, the level of detail previously exposed, the source of the previous disclosures (whether authoritative and acknowledged or an anonymous "leak"), the new author's access to classified sources, and the authority and credibility his or her Agency experience brings to a confirmatory statement. The Board may give permission to publish contingent on the author's citation of open sources in a footnote.



(5) Approval for publication does not represent Agency endorsement or verification of, or agreement with, the subject matter. Therefore, consistent with cover status, authors are encouraged (current employees are required, unless waived by supervisors) to publish the following disclaimer: "This material has been reviewed by the CIA. That review neither constitutes CIA authentication of information nor implies CIA endorsement of the author's views." An employee's supervisors may also amend the wording of this disclaimer, when appropriate, provided the Chair, PRB, is notified of the variance.

j. **BREACH**

(1) Prepublication review allows the Agency to determine whether material contemplated for nonofficial publication contains information which, if disclosed, could harm national security, and gives the Agency an opportunity to prevent the public disclosure of such information. Prior review means that written materials are submitted to the Agency before being circulated to publishers, editors, literary agents, coauthors, reviewers, or the public at each stage of their development. This prior review requirement is intended to prevent comparison of different versions of such material, which would reveal what items had been deleted by the Agency. For this reason, review of the material after it has been submitted to publishers, reviewers, or other outside parties does not satisfy an author's prepublication review obligation. The Agency reserves the right to review any such material in order to take necessary protective action to mitigate damage caused by disclosure. Such review and action does not preclude the U.S. Government and the Agency from exercising the legal rights otherwise available.

(2) The Office of General Counsel will be notified in all cases when a possible violation of prepublication obligation occurs. Failure to comply with prepublication review obligations can result in the imposition of civil or criminal penalties. The Office of General Counsel will report all potentially criminal conduct to the Department of Justice. The Agency will not make such reports, or make any recommendation to the Department of Justice regarding any action, civil or criminal, on the basis of the expressed or presumed animus of a person toward the U.S. Government or the Agency.

k. **APPEAL**

(1) Authors who wish to appeal decisions should address such appeals in writing to the Executive Director of the Agency, accompanied by the material intended for nonofficial publication and any supporting materials the author wishes the Executive Director to consider. On behalf of the Executive Director, the Chair, PRB, will forward the appeal and relevant documentation through the senior Operating Officials of the affected component to each Deputy Director or Head of Independent Office

Revised: 14 March 1995 (0036)

whose representative on the Board objected to information in the material at issue. The Deputy Director or Head of Independent Office will affirm or recommend revision of the Board's decision affecting his or her equities and will forward that recommendation to the General Counsel. The General Counsel will review the recommendations for legal sufficiency and will make a recommendation to the Executive Director for a final Agency decision. Every effort will be made to complete the appeal process within 30 days.

(2) This regulation is intended to provide direction and guidance for those persons who have prepublication review obligations and those who review material submitted for nonofficial publication. Nothing contained in this regulation or in any procedures promulgated to implement this regulation is intended to confer, and does not confer, any substantive or procedural right or privilege on any person or organization.

---

\*"Publication" in this context means communicating information to one or more persons. "Nonofficial publication" is a work prepared by the author as a private individual, not as a government employee or contractor acting in an official capacity.

8

Revised: 14 March 1995 (0036)