UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GARY BERNTSEN | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 05-1482 (CKK) |
| | * | |
| CENTRAL INTELLIGENCE AGENCY | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION FOR *IN CAMERA*
*EX PARTE* REVIEW OF DOCUMENT**

Plaintiff, by and through his undersigned counsel, hereby respectfully submits this Motion for *In Camera*, *Ex Parte* Review of Document.

The defendant opposes this Motion.

A Memorandum of Law and a proposed Order accompanies this Motion.

Date: October 2, 2006

                                                Respectfully submitted,
                                                /s/

                                          _____
                                          Mark S. Zaid, Esq.
                                          DC Bar #440532
                                          Mark S. Zaid, P.C.
                                          1920 N Street, N.W.
                                          Suite 300
                                          Washington, D.C. 20036
                                          (202) 454-2809
                                          ZaidMS@aol.com

                                          Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY BERNTSEN | * |
| | * |
|     Plaintiff, | * |
| | * |
|        v. | *  Civil Action No. 05-1482 (CKK) |
| | * |
| CENTRAL INTELLIGENCE AGENCY | * |
| | * |
|     Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR *IN CAMERA EX PARTE* REVIEW OF DOCUMENT**

    This side dispute arises from the First Amendment challenge of plaintiff Gary Berntsen ("Berntsen"), a former employee of the defendant Central Intelligence Agency ("CIA"), and the publication of his book <u>Jawbreaker, The Attack on Bin Laden and Al-Qaeda: A Personal Account by the CIA's Key Field Commander</u> (Crown Publishers: 2005).

    At issue here is whether the Court should review, *in camera* <u>and</u> *ex parte*, a specific document that was submitted as part of Berntsen's Opposition (October 2, 2006) to the CIA's Motion for Summary Judgment (filed April 28, 2006).[1]

## FACTUAL BACKGROUND

    The relevant facts are set forth in the parties' briefs surrounding the CIA's Motion for Summary Judgment, and the Court is respectfully referred to those filings.

## ARGUMENT

    In order to properly respond to the CIA's Motion for Summary Judgment Berntsen was instructed by counsel to prepare a rebuttal to the CIA's classification decisions that asserted portions of his book <u>Jawbreaker</u> contained classified information. Rule 56 (f)

---

[1] Although these same arguments are contained nearly verbatim in Berntsen's Opposition brief, Government counsel requested that this dispute be the subject of a separate Motion, to which the undersigned counsel had no objection.

Declaration of Mark S. Zaid, Esq. at ¶6 (dated September 25, 2006)("Zaid Rule 56(f) Decl."), attached at Exhibit "1". This document contains substantive analysis as to why the CIA's classification decisions are not justified. A copy of the document should have been directly provided to the Court by the Government and is referenced as Exhibit "2" to Berntsen's Opposition.[2]

As the undersigned counsel understands it, the substance of the document primarily, but not necessarily solely, addresses the fact that much of the redacted text in <u>Jawbreaker</u> has appeared elsewhere in Agency-approved publications and should therefore be considered unclassified. Zaid Rule 56(f) Decl. at ¶6. It is the exact type of document that the D.C. Circuit anticipated would be submitted to and reviewed by this Court as part of its Constitutional deliberations into the present dispute.[3]

The D.C. Circuit has twice provided guidance to the district courts on how to handle prepublication classification challenges; first in <u>McGehee v. Casey</u>, 718 F.2d 1137 (D.C.Cir. 1983) and more recently in <u>Stillman v. CIA et al.</u>, 319 F.3d 546 (D.C.Cir. 2003). As the Circuit originally stated in <u>McGehee</u>:

> Because the present case implicates first amendment rights, however, we feel compelled to go beyond the FOIA standard of review for cases reviewing CIA censorship pursuant to secrecy agreements. While we believe courts in securing such determinations should defer to CIA judgment as to the harmful results of publication, they must nevertheless satisfy themselves from the record, *in camera* or otherwise, that the CIA in fact had good reason to classify, and therefore censor, the materials at issue. Accordingly, the courts should require that CIA explanations

---

[2] There is no dispute between the parties that the document should be reviewed *in camera*.

[3] Although the CIA does not object to the Court's *in camera* review of Berntsen's document, it nevertheless felt it necessary to assert the self-serving and belittling comment that this document is "unnecessary and irrelevant", and that neither the opinions of Berntsen or his counsel should be accorded absolutely "no weight whatsoever". Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment at 13 (filed April 28, 2006). This position, however, is contrary to the instructions of the D.C. Circuit.

> justify censorship with reasonable specificity, demonstrating a logical connection between the deleted information and the reasons for classification. These should not rely on a "presumption of regularity" if such rational explanations are missing. We anticipate that *in camera* review of affidavits, followed if necessary by further judicial inquiry, will be the norm. *Moreover, unlike FOIA cases, in cases such as this both parties know the nature of the information in question. Courts should therefore strive to benefit from "criticism and illumination by [the] party with the actual interest in forcing disclosure."*

McGehee, 719 F.2d at 1148-49 (citations omitted)(emphasis added). It then noted in Stillman that the "district court should first inspect the manuscript and consider any pleadings and declarations filed by the Government, as well as any materials filed by Stillman, who describes himself an 'expert in classification and declassification.'" 319 F.3d at 548-49.

## I. BERNTSEN'S DOCUMENT CONSTITUTES A PRIVILEGED ATTORNEY CLIENT COMMUNICATION AND/OR ATTORNEY WORK PRODUCT AND MUST NOT BE SHARED WITH GOVERNMENT COUNSEL

Berntsen's document is protected by the attorney-work product privilege as it was prepared by Berntsen for his counsel to assist in this legal challenge. It additionally constitutes an attorney-client communication as it was to be provided by Berntsen, as the client, to his counsel.

### Attorney Work Product

The attorney work-product privilege is intended to promote a fair and efficient adversarial system by protecting "the attorney's thought processes and legal recommendations" from the prying eyes of his or her opponent. Genentech, Inc. v. United States Int'l Trade Comm'n, 122 F.3d 1409, 1415 (Fed. Cir. 1997)(citations omitted); accord Hickman v. Taylor, 329 U.S. 495, 511-14 (1947)("Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. . . . Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten . . ."). It can

3

protect "documents and tangible things" prepared in anticipation of litigation that are both non-privileged and relevant. Fed.R.Civ.P. 26(b)(3). Unlike the attorney-client privilege, which protects all communication whether written or oral, work-product immunity protects documents and tangible things, such as memorandums, letters and e-mails. See generally Judicial Watch, Inc. v. Dep't of Justice, 432 F.3d 366 (D.C. Cir. 2005).

    Attorney-Client Privilege

The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981); Hunt v. Blackburn, 128 U.S. 464, 470 (1888). The privilege exists to encourage "full and frank communication between attorneys and their clients." Upjohn, 449 U.S. at 389. The Supreme Court has long recognized that the privilege is "founded upon the necessity, in the interests and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure." Hunt, 128 U.S. at 470. The scope of the attorney-client privilege is guided by "the principles of the common law" ... as interpreted by the courts ... in the light of reason and experience. Fed.Rule Evid. 501. Traditionally, the privilege applies to confidential communications between the client and his attorney made in order to obtain legal advice. Fisher v. United States, 425 U.S. 391, 403 (1976); 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 503.10 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 1997).

    A. **The Current Situation Is Of The CIA'S Own Making And Berntsen's Document Remains Privileged**

The intent of Berntsen's document was to be utilized by counsel and not directly submitted to the Court for its review, particularly when counsel has not been able to review it himself and has little to no idea what might be contained therein. Neither the

attorneys for the Justice Department nor the CIA have any "need-to-know" the contents of Berntsen's document. There is no rational basis as to how their need to review that document could outweigh the undersigned's own as part of this litigation challenge process.[4] More importantly, as set forth below, in its current state the document is clearly privileged.

The CIA would not permit Berntsen to provide a copy of his document to his undersigned counsel, at least not before it underwent a classification review, on the basis that counsel has, assuming it was considered classified, no "need-to-know" its contents. The fact that Roy Krieger, who was previously acting as Berntsen's counsel, had signed a secrecy agreement and that the undersigned was willing to do so was irrelevant to the CIA. The CIA does not wish to allow any exchange of information between client and counsel that would assist either in challenging its determinations. Zaid Rule 56(f) Decl. at ¶7.

Based on the CIA's position, the undersigned arranged for Berntsen to submit his document to the CIA for a classification review. This would allow counsel to at least utilize and rely upon the unredacted portions of the document in drafting Berntsen's opposition brief. However, it may very well be that only some or even none of the information within the draft document would have been utilized in any final filing with the Court. This was a decision that the undersigned counsel was unable to reach due, as stated below, to the CIA's refusal to provide a copy to him.

In or around late August/early September 2006, the undersigned had Berntsen contact his CIA security officer, Thomas Schmittle, and receive instructions on how to submit his documentation. The CIA acknowledged receiving the document no later than September 12, 2006. On several occasions the undersigned notified his CIA security

---

[4] "If disclosure to one more person truly carries an unacceptable risk of inadvertent disclosure, government counsel's access here has no more justification than would plaintiff's counsel's." Stillman, 209 F.Supp.2d 229 (D.D.C. 2002), rev'd on other grounds, 319 F.3d 546 (D.C.Cir. 2003).

officer that he would need Berntsen's document returned to him with sufficient time to be able to draft his opposition brief. Id. at ¶8.

On September 20, 2006, the undersigned received a letter from the Justice Department counsel currently handling this case indicating that it was "highly unlikely" that he will be provided with a copy of Berntsen's document. Id, at ¶9, Exhibit "A". The letter also noted that the Justice Department was willing to assist in arranging for this Court to review an unredacted copy of the document as part of its deliberations.

Neither Berntsen nor the undersigned counsel has authorized the document's release or waived the privilege. All that has taken place is mandatory compliance with a legal requirement to submit the document to security officials within the CIA. The undersigned counsel has been provided with explicit assurances from the CIA that none of its litigation attorneys are involved in the classification review process, nor are any submitted documents shared outside of that process. On September 25, 2006, the undersigned counsel notified the Justice Department of Berntsen's position in order to make proper arrangements for the document to be provided to the Court's security officers for this Court's *in camera*, *ex parte* review. Id. at ¶¶10-11, Exhibit "B".

Under the circumstances Berntsen's document should remain privileged and unavailable to the CIA or its attorneys.

## **CONCLUSION**

For the foregoing reasons, Berntsen's Motion should be granted.

Date:   October 2, 2006

                                        Respectfully submitted,

                                               /s/
                                    _____
                                      Mark S. Zaid, Esq.
                                      DC Bar #440532
                                      Mark S. Zaid, P.C.
                                      1920 N Street, N.W.
                                      Suite 300
                                      Washington, D.C. 20036
                                      (202) 454-2809
                                      ZaidMS@aol.com

                                      Attorney for Plaintiff