UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY BERNTSEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:05cv01482-CKK |
| THE CENTRAL INTELLIGENCE AGENCY, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR *EX PARTE* REVIEW OF DOCUMENT**

**INTRODUCTION**

Plaintiff makes the self-contradicting argument that a document he wrote containing purported evidence and argument which he submitted to this Court for its reliance and consideration is subject to the attorney-client and work-product privileges. Therefore, plaintiff argues his submission should be viewed by the Court not only <u>in camera</u> (which is appropriate, because the submission is classified) but also <u>ex parte</u>. Plaintiff's claim of privilege is specious; regardless, it does not justify <u>ex parte</u> consideration of his submission on the merits. Because plaintiff's argument is foreclosed by the law of this Circuit, this Court should deny plaintiff's motion, rule that his submission is not privileged, and permit defendant to respond to and rebut plaintiff's submission within a reasonable time thereafter.

ARGUMENT

I.  **Plaintiff's Submission Should Be Available to Defendant, Or It Should Not Be Considered by the Court**

Plaintiff never articulates any standard governing the Court's consideration of his motion, presumably because it is "the firmly held main rule" that "a court may not dispose of the merits of a case on the basis of ex parte, in camera submissions." Abourezk v. Reagan, 785 F.2d 1043, 1061 (D.C. Cir. 1986); see also U.S. v. Libby, 429 F. Supp. 2d 18, 21 (D.D.C. 2006) ("courts routinely express their disfavor with ex parte proceedings and permit such proceedings only in the rarest of circumstances"). That is because "[o]ur adversarial legal system generally does not tolerate ex parte determinations on the merits of a civil case. . . . An exception to this principle is made when countervailing government interests dictate that information sought to be discovered should remain secret." In re Eisenberg, 654 F.2d 1107, 1112 (5th Cir. 1981). In Abourezk, the Court of Appeals noted that limited but important exceptions to this rule of law permit ex parte review: (1) when the government has made "a demonstration of compelling national security concerns[;]" or (2) where such review is specifically contemplated by statute. 785 F.2d at 1061. The CIA has made "a demonstration of compelling national security concerns," id., to protect classified information that, if disclosed, would cause serious damage to national security,[1] and so

---

[1] Plaintiff's apparent argument that disclosure to counsel for the CIA would harm national security, Pl. Mem. 5 & 5 n.4 (relying on the reversed district court decision in Stillman), is irrelevant for purposes of evaluating plaintiff's motion and his privilege claim; it is also misplaced. The "authority to classify *and control access to* information bearing on national security" rests solely with the Executive Branch. Department of Navy v. Egan, 484 U.S. 519, 527 (1988) (emphasis added). Thus, it is for the Executive, not plaintiff's counsel, to determine whether its own employees should be granted access to national security information. Moreover, if a party's interest in litigating a claim is pitted against the government's interest in protecting national security information, "the Constitution compels the subordination of [the litigant's] interest in the pursuit of [his or her] claims to the executive's duty to preserve our national

(continued...)

it is appropriate (indeed, necessary) for the Court to consider the CIA's classified declaration without the participation of plaintiff's counsel.[2]  See Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment (Docket Entry No. 25) 3-4 n.2.  Consistent with Abourezk, that is precisely how the Court of Appeals has instructed this Court to proceed in challenges to prepublication classification of a manuscript pursuant to, inter alia, the author's secrecy agreement.  See Stillman v. CIA, 319 F.3d 546, 549 (D.C. Cir. 2003) (national security concerns require ex parte, in camera review of the government's classified declaration in prepublication review case).[3]

Plaintiff, however, has cited no authority that would justify departure from "the firmly held main rule" that this Court cannot consider ex parte plaintiff's submission in deciding the

---

[1](...continued)
security."  Halkin v. Helms, 690 F.2d 977, 1001 (D.C. Cir. 1982) ("Halkin II").  See also Executive Order 12958, as amended by Exec. Order No. 13,292, § 6.1(z) (committing "need to know" determinations to the sole discretion of governmental "authorized holder[s]" of classified information at issue); Ellsberg v. Mitchell, 709 F.2d 51, 61 (D.C. Cir. 1983) (the rule denying access to classified information to private counsel is "well settled"), cert. denied, 465 U.S. 1038 (1984).

[2]  Cf. Ellsberg, 709 F.2d at 61 (state secrets privilege case, noting that "our nation's security is too important to be entrusted to the good faith and circumspection of a litigant's lawyer (whose sense of obligation to his client is likely to strain his fidelity to his pledge of secrecy) or to the coercive power of a protective order.").

[3]  "In national security cases, some sacrifice to the ideals of the full adversary process are inevitable" because of the special concerns presented by such cases.  Military Audit Project v. Casey, 656 F.2d 724, 751 (D.C. Cir. 1981).  See also, e.g., Stillman, 319 F.3d at 549; Halkin v. Helms, 598 F.2d 1, 7 (D.C. Cir. 1978) ("Halkin I") ("Protective orders cannot prevent inadvertent disclosure nor reduce the damage to the security of the nation which may result.  Therefore we reject the plaintiffs' argument that counsel should have been permitted to participate in the in camera proceedings below."); Weberman v. National Security Agency, 668 F.2d 676, 678 (2d Cir. 1982) (finding that the risk presented by giving private counsel access to classified information outweighs benefit of adversarial proceedings).  Nonetheless, the government must strive, as the CIA has in this case, to place as much information as possible on the public record, consistent with national security.

merits of this case. See Abourezk, 785 F.2d at 1061. Indeed, unlike the exception for countervailing national security concerns, there exists no exception from the general rule against ex parte merits determinations based upon claims of attorney-client privilege or the work-product doctrine. Accordingly, plaintiff's submission either must be stricken, or it must be shared with, and subject to a response from, defendant. As discussed below, this is entirely consistent with the law of the attorney-client and work-product privileges. In addition, as explained infra, plaintiff's privilege claims are without merit; there is no basis to withhold his submission from defendant.

## II.   Plaintiff's Submission is Not Privileged

Plaintiff purports to assert the attorney-client and work-product privileges, but he has not carried his burden[4] to show that either privilege applies. Even if plaintiff's submission was once subject to those privileges, he has waived them. The Court should, accordingly, deny plaintiff's motion for ex parte review of his submission.

> **A.   Neither the Work-Product Doctrine Nor the Attorney-Client Privilege Applies to Plaintiff's Submission**
>
> **1.   The Work-Product Doctrine Does Not Apply to Plaintiff's Submission Because It Is Plaintiff's Finished Product, Submitted to the Court, Not a Preparatory Work-in-Progress**

"'[T]he work product privilege does not exist to protect a confidential relationship, but rather to promote the adversary system by safeguarding the fruits of an attorney's trial

---

[4]   "It is . . . established that the party asserting the attorney-client or work product privilege always bears the burden of demonstrating that the communications/documents sought to be shielded are, in fact, privileged." Minebea Co., Ltd. v. Papst, 228 F.R.D. 13, 15 (D.D.C. 2005). "A blanket assertion of the privilege will not suffice. Rather, '[t]he proponent must conclusively prove each element of the privilege.'" In re Lindsey, 148 F.3d 1100, 1106 (D.C. Cir. 1998) (attorney-client privilege case) (quoting SEC v. Gulf & Western Indus., 518 F. Supp. 675, 682 (D.D.C. 1981)).

preparations from the discovery attempts of the opponent.'"  Permian, 665 F.2d at 1219 (quoting AT&T, 642 F.2d at 1299 (emphasis and footnotes omitted)).  Thus, the privilege applies to *preparations*, but not, of course (as plaintiff would have it), to shield from an opposing party the *final product* of an attorney's work.  If it were otherwise, every piece of paper or evidence filed by counsel or used at trial in any case would be "privileged."  See Hickman v. Taylor, 329 U.S. 495, 511 (1947) (explaining work-product privilege protects "[p]roper *preparation* of a client's case" and rests upon "the general policy against invading the privacy of an attorney's course of *preparation*") (emphasis added).  Plaintiff's submission ceased being the material of "preparation" when plaintiff chose to file it with this Court for its consideration on the merits; the work-product privilege does not apply.

> **2.     The Attorney-Client Privilege Does Not Apply to Plaintiff's Submission Because it Was Intended to Be Shared With and Relied Upon By, and Was Shared With, the Court**

"'The attorney-client privilege exists to protect confidential communications, to assure the client that any statements he makes in seeking legal advice will be kept strictly confidential between him and his attorney; in effect, to protect the attorney-client relationship.  Any voluntary disclosure by the holder of such a privilege is inconsistent with the confidential relationship and thus waives the privilege.'"  Permian v. U.S., 665 F.2d 1214, 1219 (D.C. Cir. 1981) (quoting United States v. AT&T, 642 F.2d 1285, 1299 (D.C. Cir. 1980) (emphasis and footnotes omitted)).  See also United States v. Rockwell Int'l., 897 F.2d 1255, 1265 (3d Cir. 1990) ("The attorney-client privilege does not apply to communications that are intended to be disclosed to third parties or that in fact are so disclosed.").[5]  "Because of the privilege's adverse effect on the

---

[5] Cf. In re Sealed Case, 737 F.2d 94, 98-99 (D.C. Cir. 1984) (providing a "concise (continued...)

full disclosure of the truth, it must be narrowly construed." In re Grand Jury Investigation of Ocean Transp., 604 F.2d 672, 675 (D.C. Cir. 1979), citing Underwater Storage, Inc. v. United States Rubber Co., 314 F. Supp. 546, 547 (D.D.C. 1970).

Plaintiff has voluntarily disclosed the contents of his submission to the Court, not for a privilege review, but for the Court to consider on the merits of defendant's motion for summary judgment. Accordingly, plaintiff cannot shield such purported evidence and argument from defendant under the guise of attorney-client privilege; material intended to be shared with a third party was never attorney-client privileged, and once shared any such privilege no longer attaches. The Court need not reach the question of the intent behind plaintiff's submission,[6] however, since plaintiff has in fact disclosed it to the Court for merits review. The submission is, therefore, not attorney-client privileged material. See Permian, 665 F.2d at 1219; see also Abourezk, 785 F.2d at 1061.

### B. Even if the Work-Product Doctrine or the Attorney-Client Privilege Had Attached to Plaintiff's Submission, He Has Waived Those Privileges By Placing the Assertions of His Submission in Controversy

By placing in controversy or "at issue" the contents of his submission, plaintiff has

---

[5](...continued)
summary of the attorney-client privilege [first] composed by Judge Wyzanski in United States v. United Shoe Machinery Corp., 89 F. Supp. 357, 358-59 (D. Mass. 1950)").

[6] As described by plaintiff, the submission contains his purported "fact" argument that "much of the redacted text" in his manuscript has appeared elsewhere. Pl. Mem. 2. Defendant has already explained, in part on the public record, why the same sort of material drafted by plaintiff and previously submitted to the CIA Publications Review Board was properly classified. See Unclassified Declaration of Marilyn A. Dorn (Exhibit 1 to Defendant's Motion for Summary Judgment) ¶¶ 69-71. Defendant has also explained that plaintiff's counsel is not permitted access to such classified information. Id. ¶¶ 11-13. Accordingly, plaintiff could have had no reasonable expectation or intent that his submission would be primarily shared with his counsel, not directly with the Court.

waived any attorney-client or work-product privilege that may have previously attached. See Ideal Electronic Security Co., Inc. v. International Fidelity Ins. Co., 129 F.3d 143, 151-52 (D.C. Cir. 1997) ("Under the common-law doctrine of implied waiver, the attorney-client privilege is waived when the client places otherwise privileged matters in controversy.") (also citing with approval United States v. Western Elec. Co., 132 F.R.D. 1, 3 (D.D.C.1990) (party precluded from asserting work-product doctrine where it put purported work product material in controversy)); compare United States v. Reynolds, 345 U.S. 1, 12 (1953) (the government cannot be penalized for withholding national security information in civil litigation where it "is a defendant only on terms to which it has consented.").[7] This implied waiver doctrine responds to conduct where, as here, a party attempts to misuse these privileges "both as a sword and as a shield." Recycling Solutions, Inc. v. District of Columbia, 175 F.R.D. 407, 408 (D.D.C. 1997). See Ideal Electronic Security Co., 129 F.3d at 151 (quoting In re Sealed Case, 676 F.2d 793, 807 (D.C. Cir. 1982)); United States v. Exxon Corp., 94 F.R.D. 246, 248-249 (D.D.C. 1981) (attorney-client privilege case), citing with approval Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975) (same). Here, plaintiff has affirmatively placed in controversy any arguments and/or purported facts alleged in his submission to the Court, but he asserts the attorney-client

---

[7] This doctrine applies to the attorney-client and work-product privileges as asserted by plaintiff here, but it does not restrict the government's ability to present classified material in camera and ex parte to a Court, even where such material is "in controversy." See, e.g., Stillman, 319 F.3d at 548 (in prepublication review cases, "'[w]e anticipate that in camera review of affidavits, followed [only] if necessary by further judicial inquiry, will be the norm.'") (quoting McGehee, 718 F.2d at 1149); Farnsworth Cannon, Inc. v. Grimes, 636 F.2d 268, 281 (4th Cir. 1980) (on rehearing en banc) (upholding dismissal of plaintiffs' claims based on determination, after reviewing in camera affidavits, that any attempt by plaintiffs to make out a prima facie case at trial would entail the revelation of state secrets); Ellsberg, 704 F.2d at 65 (same); Salisbury v. United States, 690 F.2d 966, 974-77 (D.C. Cir. 1982) (same); Hayden v. NSA, 608 F.2d 1381, 1386 (D.C. Cir. 1979) (national security concerns required ex parte, in camera review of the government's declaration in a FOIA case).

privilege and work-product doctrine over that very submission, which supposedly supports his view "that the CIA's classification decisions were unlawful and extinguished." Pl. Opposition (Docket Entry No. 29) at 14. Under the procedures established by the Court of Appeals in Stillman, 319 F.3d 546, 549, the government is entitled to explain to this Court why certain information in plaintiff's manuscript is properly classified because the information, if disclosed, would cause damage to the national security. In order to do so, the government is entitled to explain to the Court why plaintiff's submission does not undermine the CIA's classification decisions. Accordingly, the government must have access to the material submitted by plaintiff.[8] It is difficult to imagine a clearer case of a party placing the assertions of a supposedly attorney-client and/or work-product privileged document at issue, thereby waiving those privileges.

## CONCLUSION

For all the foregoing reasons, the Court should deny plaintiff's motion for ex parte review of his submission.

The Court should also permit a Department of Justice security officer to retrieve plaintiff's submission so that it may be copied and reviewed in a manner consistent with Executive Order 12958, as amended, and so that defendant may respond appropriately. Although defendant cannot know how much work will be required to respond to plaintiff's document, we

---

[8] At present, defendant can only speculate about what plaintiff's submission may contain. For example, plaintiff has asserted that the former Director of Central Intelligence personally declassified and revealed to reporters national security information, and that the CIA then redacted the identical information from plaintiff's manuscript. See Plaintiff's Material Facts As to Which it is Contended There Exists a Genuine Issue to be Litigated ("Pl. Statment of Facts") (Docket Entry No. 29) ¶ 4. While this allegation is purportedly made on plaintiff's "personal knowledge," see Declaration of Gary Berntsen (Exhibit 3 to Pl. Statement of Facts) ¶ 1, the portion of plaintiff's filing currently available to defendant lays no foundation for his extraordinary statement. To the extent plaintiff expands upon such strident claims (and the basis thereof) in his submission, defendant should be given an opportunity to respond.

respectfully request the Court permit defendant to file its rebuttal either 30 days after the Court rules on plaintiff's motion or on December 22, 2006, whichever is later.[9]

Dated: October 30, 2006

                Respectfully submitted,

                PETER D. KEISLER
                Assistant Attorney General

                JEFFREY A. TAYLOR
                United States Attorney

                VINCENT M. GARVEY
                Deputy Director, Federal Programs Branch

                    /s/ Steven Y. Bressler
                STEVEN Y. BRESSLER D.C. Bar #482492
                Trial Attorney, U.S. Department of Justice
                Civil Division, Federal Programs Branch
                Post Office Box 883
                Washington, DC  20044
                Tel. No.:  (202) 514-4781
                Fax No.:  (202) 318-7609
                Steven.Bressler@usdoj.gov

                Counsel for Defendant

---

[9] We ask that we not be required to respond prior to December 22 due to the conflicting commitments of a CIA employee who is assisting undersigned counsel in this litigation.