UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY BERNTSEN                       * | |
|       Plaintiff,                 * | |
|       v.                          * | Civil Action No. 05-1482 (CKK) |
| CENTRAL INTELLIGENCE AGENCY        * | |
|       Defendant.                  * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR _EX PARTE_ REVIEW OF DOCUMENT**

Plaintiff Gary Berntsen ("Berntsen"), a former employee of the defendant Central Intelligence Agency ("CIA"), respectfully requested that this Court consider an unedited document in camera, ex parte as part of its deliberations to resolve the CIA's Motion for Summary Judgment (filed April 28, 2006). It was submitted in camera due to the CIA's determination that the document is "classified"; a decision it must assert, regardless of the true classification nature of the contents, in order to consistently maintain its current legal posture.

The request for ex parte review, which is what makes this case extraordinary, arises due to the fact that this document was created by Berntsen at the specific request of his counsel for the purpose of preparing his opposition brief but the CIA, due to unique circumstances that sets this case apart from any other, has refused to permit his counsel the opportunity to review even a redacted version of the document. Thus, in its current form the document in question remains in a privileged status.

To the best of Berntsen's knowledge this type of dispute has never before been addressed by any court.[1] Thus, there is no case law or academic analysis to easily guide a resolution of this specific dispute. Of course, the general principles and law surrounding the attorney-client and attorney work product privileges are nothing new, and that is one reason why any real discussion of case law is necessary. Nor is the notion of submitting ex parte, in camera documents to courts during prepublication review challenges out of the ordinary either.

As the CIA duly notes, such an event has unfortunately become accepted practice in certain types of cases where the Government has been permitted to submit argumentative or factual documents in camera and ex parte. See e.g., Stillman v. CIA, 319 F.3d 546, 549 (D.C. Cir. 2003)(prepublication classification review); Ellsberg v. Mitchell, 709 F.2d 51, 61 (D.C. Cir. 1983)(state secrets privilege); Weberman v. National Security Agency, 668 F.2d 676, 678 (2d Cir. 1982)(Freedom of Information Act). However, the difference now is that the shoe is on the other foot and that clearly irks the Government. Yet the circumstances are of the Government's making and Berntsen desires nothing other than a level playing field and to protect well-established principles.

The CIA claims that the law of this Circuit forecloses Berntsen's argument on its face. Memorandum of Law in Opposition to Plaintiff's Motion for Ex Parte Review of

---

[1] As far as is known, Berntsen's counsel has handled every, or certainly the majority of the, prepublication classification disputes litigated during the last ten years. This issue never arose in any of those cases because the undersigned counsel was either provided classified access to the relevant documentation or the plaintiff in the litigation did not submit any materials for court review. Prior to the underlying counsel's involvement in these types of lawsuits only three relevant classified prepublication review disputes were litigated, McGehee v. Casey, 718 F.2d 1137 (D.C.Cir. 1983); Alfred A. Knopf, Inc. v. Colby, 509 F.2d 1362 (4th Cir. 1975); United States v. Marchetti, 466 F.2d 1309 (4th Cir. 1972), and in each of those cases the plaintiff's counsel was provided access to the classified information in dispute.

Document at 2 (filed October 30, 2006)("Def's Memo").  That is simply not the case. While it is certainly true that courts disfavor ex parte proceedings and permit such proceedings only in the rarest of circumstances,  see e.g., United States v. Rezaq, 899 F. Supp. 697, 707 (D.D.C. 1995); United States v. George, 786 F. Supp. 11, 16 (D.D.C. 1991), they are permitted and do occur through exercise of the discretion of a district court. The District of Columbia Circuit has explicitly acknowledged that there are exceptions to "the firmly held main rule that a court may not dispose of the merits of a case on the basis of ex parte, in camera submissions." Abourezk v. Reagan, 785 F.2d 1043, 1060 (D.C. Cir. 1986). True, the exceptions "are both few and tightly contained" but exceptions there are nonetheless. Id. There is nothing preventing this Court from holding that the circumstances presented herein constitute one of those necessary exceptions.[2]

For one thing, Berntsen's request for in camera and ex parte review does nothing to jeopardize national security. It does not significantly interfere, if at all, with the CIA's ability to advocate its own case, much of which it has done through ex parte submissions

---

[2] Three specific exceptions were acknowledged by the Circuit in Abourezk but there is nothing to indicate in the decision that the analysis therein imposed any limitations or constituted all possible scenarios. Id. 785 F.2d at 1061. Ironically the admonition of the Circuit in Abourezk, which the CIA now seeks to rely upon, was against the Government not allowing the plaintiffs' to have access to relevant materials. Id. at 1060. In any event, courts have, in fact, exercised such discretionary authority under other circumstances allowing the non-governmental party to submit ex parte arguments. Though typically this does arise in the criminal context, the principle is no different. See e.g., United States v. Clegg, 740 F.2d 16, 17 (9th Cir. 1984)(observing that the district court permitted the defendant to file an ex parte, in camera submission to the Court to support its discovery requests); United States v. Poindexter, 727 F. Supp. 1470, 1479 n.16 (D.D.C. 1989)(permitting the defendant to file an ex parte submission so that the defendant would not have to "reveal to the prosecution the theories of his defense"); United States v. North, 698 F. Supp. 322, 324 (D.D.C. 1988)(court conducted an in camera, ex parte hearing with the defense so they could argue why certain documents were discoverable).

3

of its own. What it does is preserve and protects two of the most fundamental privileges that our legal system permits: attorney-client privilege and attorney work product. These privileges appropriately defensively shield the document in question from CIA review.

Let it be clear. Berntsen has not created this dispute. It is a manifestation of the deliberate inequities created by the CIA to interfere with the attorney-client relationship and hamper Berntsen's ability to adequately respond to its perceived misclassification decisions.[3]

The CIA claims that Berntsen has not met his burden to demonstrate that either the attorney-client or attorney work product privilege applies. Def's Memo at 4-5. The CIA admits, as it must, that the work product doctrine applies to "preparation" of the client's case. Id. at 5. Yet it argues that the mere submission of the document to the Court renders it a "final product" though the CIA provides no case citation to support this premise. Id. The CIA has obviously chosen not to pay attention to the facts of these circumstances. This document is anything but a "final product." It is a document in "preparation". That

---

[3] The denial by the CIA of Berntsen's counsel's access to the document in question arises out of nothing less than a deliberate retaliation against Berntsen and his counsel in order to further the CIA's objectives to thwart appropriate review of this dispute. Berntsen's counsel had a favorable background investigation completed in 2002 by the FBI that judged him trustworthy for access to classified information. Stillman, 319 F.3d at 548 (Government "found that Mr. Zaid was trustworthy.") He has *regular* and *routine* access to CIA classified information at the SECRET level (and sometimes higher) in his representation of former and current CIA employees. He has had similar experiences with the Defense Intelligence Agency, and just last month was granted access to classified State Department information which involved CIA matters. While there certainly is a legitimate argument to be made to deny access to the CIA's "classified" submissions which could *potentially* address issues and information not known by either counsel or even Berntsen, it is a complete farce to assert that Berntsen's own submission cannot be reviewed by his cleared counsel (upon execution of the appropriate secrecy agreement). If any party is using national security as both an illegitimate sword and shield, it is the CIA.

4

is the problem and the reason for this dispute. See Rule 56(f) Declaration of Mark S. Zaid, Esq. at ¶¶4-11 (dated September 25, 2006).

The CIA complains that its attorneys "can only speculate about what plaintiff's submission may contain." Def's Memo at 8 fn. 8. Berntsen's counsel shares that frustration as he has no idea what the document in question substantively states. What is known, however, is that the document was created at the request of and for use by counsel. It was intended to be a communication between counsel and client. It exists for the sole purpose of counsel's review and use in drafting an opposition brief. It was never a final product. And there has never been an intent, which is what is most important to the discussion of the attorney-client privilege, to waive privilege even though the facial factual circumstances, which were created by the CIA, may provide that appearance for argumentative purposes.

At the end of the day Berntsen's submission may be a masterful recitation of facts and arguments that will lead this Court to rule favorably on his behalf (in actuality Berntsen, however, is not seeking substantive relief as he has not cross-moved for summary judgment, he is merely seeking the denial of the CIA's dispositive motion and pursuit of discovery)[4], or it may be a problematic, confusing jumbling of information that will be fodder for the CIA and does far more harm than good. Whichever version it may be, it is counsel's purview to decide whether or not it should be submitted in full form as

---

[4] In fact, it is Berntsen's contention that this Court can avoid resolving this dispute prematurely and need not even consider the document in question given that denial of the CIA's motion is justified based on Berntsen's opposition brief, and particularly counsel's Rule 56(f) declaration asserting discovery is needed before the CIA is entitled to summary judgment.

5

is, or following substantial revisions. In its current form it is, without a doubt, a work in progress untouched and unviewed by counsel's eyes.

It is inconceivable that any counsel, even of the most incompetent kind, would ever willingly permit a client to disseminate a document to opposing counsel without appropriate counsel review and consent. The underlying counsel has certainly not consented to these circumstances and explicitly condemns them as violating the basic notions of due process our adversarial legal system was designed to ensure and protect.

However, the CIA has forced Berntsen's hand and left him with no other recourse. Not submitting the document merely contributes to the CIA's potential victory through its intent to minimize, if not destroy, Berntsen's ability to substantively counter the CIA's factual and legal arguments. The inequities of this choice, created solely through the handiwork of the CIA, should not be utilized to further punish Berntsen.

Finally, the CIA also asserts that Berntsen waived any privilege. Def's Memo at 6-8. This waiver argument posits a very interesting dilemma as it offers a very selective presentation by the Government. Arguably the privileges were waived when the document was presented to the CIA as an opposing third party for classification review. Yet the CIA chose not to raise this as a waiver argument, and no doubt for good reason. For one thing there is a serious policy consideration that has led the CIA to strike a balance between the importance of requiring a classification review but choosing not to pursue a waiver argument. The latter argument would lead, as the undersigned counsel has made perfectly clear in prior cases, to a refusal to partake in the classification review process for understandable reasons. No good would arise from such a situation, and the parties accept the scenario as it is because they must.

But is there really a difference between the circumstances? Waiver is waiver some could argue. Then again the current circumstance is as unique as the classification review process, which is also an extraordinary requirement. Regardless of how one portrays it, this is not a typical situation and atypical scenarios, that have very little likelihood to oft be repeated, call for extraordinary resolutions.

This Court should respectfully decline to condone the CIA's attempt to use secrecy as both a shield and a sword and permit <u>in camera</u> *and* <u>ex parte</u> review of Berntsen's submission.[5]

Date:   November 6, 2006

                                      Respectfully submitted,

                                          /s/
_____
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1920 N Street, N.W.
Suite 300
Washington, D.C.  20036
(202) 454-2809
ZaidMS@aol.com

Attorney For Plaintiff

---

[5] In closing, should this Court determine that Berntsen's document must be disclosed to the CIA, Berntsen respectfully requests such act be delayed and he be permitted to seek immediate interlocutory appellate review. Obviously providing the document to the CIA without first permitting appellate review would nullify and moot Berntsen's ability to seek such a review at a later date.