UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GARY BERNTSEN

    Plaintiff,

    v.

THE CENTRAL INTELLIGENCE
AGENCY

    Defendant.

Civil Action No. 05-1482 (CKK)

**MEMORANDUM OPINION**
(September 22, 2007)

    This action relates to former Central Intelligence Agency (CIA) employee Gary Berntsen's desire to publish a book without the security classification redactions that have been imposed by the CIA. On April 28, 2006, Defendant filed both classified and non-classified versions of Defendant's [25] Motion for Summary Judgment. On October 2, 2006, Plaintiff filed both an [29] Opposition to Defendant's Motion for Summary Judgment and a related [30] Motion to Compel *In Camera, Ex Parte* Review of Document. In both Plaintiff's Motion to Compel and in Plaintiff's Opposition, Plaintiff filed a placeholder for a classified document created by Plaintiff (which has not been reviewed by Plaintiff's counsel due to its security classification) that purportedly addresses the Defendant's arguments as to why certain sections of Plaintiff's manuscript should or should not be treated as classified. The Court has intentionally refrained from reviewing this classified document created by Plaintiff in resolving the issue presently before the Court, which is whether the Court should review and substantively consider

Plaintiff's submission *ex parte* or permit Defendant to respond to the arguments therein.[1]

In Plaintiff's [30] Motion to Compel *In Camera, Ex Parte* Review of Document, Plaintiff argues that Plaintiff's classified document constitutes either attorney work product or is protected by attorney-client privilege because the document was allegedly created at the request of Plaintiff's counsel. Pl.'s Mot. to Compel at 3-4. The Court notes as an initial matter that Plaintiff–not Plaintiff's counsel–created the document, which has not been seen by Plaintiff's counsel. Furthermore, the document is not being used in preparation of Plaintiff's case, but rather has been presented to the Court for review on its merits such that the work product doctrine would not apply. *See Permian Corp. v. United States*, 665 F.2d 1214, 1219 (D.C. Cir. 1981) ("'work product privilege does not exist to protect a confidential relationship, but rather to promote the adversary system by safeguarding the fruits of an attorney's trial *preparations* from the discovery attempts of the opponent.'" (quoting *United States v. AT&T*, 642 F.2d 1285, 1299 (D.C. Cir. 1980)). In fact, Plaintiff provides no legal support for his work product argument.

It is also clear that a document that has not been reviewed by Plaintiff's counsel and has been submitted to the Court by Plaintiff for consideration on the merits is not protected by attorney-client privilege because (1) Plaintiff's counsel has not reviewed this document (hence, the "attorney" element of "attorney-client privilege" is missing); and (2) the document has been submitted to the Court for consideration on the merits of the arguments contained therein. While Plaintiff argues that "[n]either the attorneys for the Justice Department nor the CIA have any 'need-to-know' the contents of Berntsen's document," Pl.'s Mot. to Compel at 4-5, Plaintiff

---

[1] There is no dispute that the document, if considered, should be reviewed *in camera*.

admits that the document has been submitted to the Court for consideration on the merits;[2] how Defendant could possibly not need to know Plaintiff's substantive arguments on a pending dispositive motion defies reason, as recognized by the case law. *See Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986) ("It is therefore the firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte*, *in camera* submissions."). *See also United States v. Libby*, 429 F. Supp. 2d 18, 21 (D.D.C. 2006) ("courts routinely express their disfavor with *ex parte* proceedings and permit such proceedings only in the rarest of circumstances"). "Exceptions to the main rule are both few and tightly contained[,]" including circumstances: (1) where materials are submitted for inspection by the Court because a party seeks to prevent their use in litigation; (2) where the government has made "a demonstration of compelling national security concerns"; or (3) where such review is specifically contemplated by statute. *Abourezk*, 785 F.2d at 1061. None of the narrow exceptions to this rule as set forth in *Abourezk* applies to Plaintiff's request. Furthermore, as the CIA has of course seen and reviewed the original manuscript at issue in this action, *ex parte* review would not be justified on the grounds that Plaintiff has purportedly submitted information unknown to the CIA.

If the Court is to consider Plaintiff's classified submission, it shall not do so *ex parte*. As the Court has not yet reviewed said submission, Plaintiff presently has two options: Plaintiff may choose to remove his classified submission from the Court's consideration entirely, or Plaintiff may request that the Court rely on his classified submission with the understanding that

---

[2] "[Plaintiff] was instructed by counsel to prepare a rebuttal to the CIA's classification decisions that asserted portions of [Plaintiff's book] contained classified information." Pl.'s Mot. to Compel at 1. "This document contains substantive analysis as to why the CIA's classification decisions are not justified." *Id.* at 2.

Defendant is entitled to review and respond to said submission.

The Court notes that Defendant filed separate notices of recent authority on April 6, 2007, and September 6, 2007, relating to two rulings that allegedly pertain to similar issues as those raised in Defendant's Motion for Summary Judgment. The Court also notes that the classified version of Plaintiff's Opposition contains Plaintiff's classified submission as discussed above. In the interest of reviewing only materials intended to be submitted to the Court in light of the present ruling (as all of the classified filings in this case have been stored together), and in the interest of acting on filings that reflect the current status of the law, the Court shall deny without prejudice Defendant's Motion for Summary Judgment and request that a Department of Justice security officer retrieve all classified filings including and related to Defendant's Motion for Summary Judgment, returning documents filed *ex parte* to the filing party subject to the appropriate security procedures without disclosure to the opposing party. Defendant may file an updated Motion for Summary Judgment by October 11, 2007. Plaintiff's updated Opposition thereto, either including Plaintiff's classified statement (with the expectation that Defendant shall be permitted to review it and respond thereto) or without Plaintiff's classified statement, shall be filed by October 25, 2007. Defendant's updated Reply (including a response to Plaintiff's classified statement, if submitted) shall be filed by November 8, 2007.

Accordingly, for the aforementioned reasons, the Court shall DENY Plaintiff's [30] Motion to Compel *In Camera, Ex Parte* Review of Document. The Court shall DENY WITHOUT PREJUDICE Defendant's [25] Motion for Summary Judgment. A Department of Justice security officer shall retrieve all classified filings including and related to Defendant's Motion for Summary Judgment, returning documents filed *ex parte* to the filing party without

disclosure to the opposing party. Defendant's updated Motion for Summary Judgment shall be filed by October 11, 2007. Plaintiff's updated Opposition shall be filed by October 25, 2007. Defendant's updated Reply shall be filed by November 8, 2007. An Order accompanies this Memorandum Opinion.

Date:   September 22, 2007

                                                                         /s/
                                                                 COLLEEN KOLLAR-KOTELLY
                                                                 United States District Judge