# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY BERNTSEN<br><br>    Plaintiff,<br><br>    v.<br><br>THE CENTRAL INTELLIGENCE<br>AGENCY<br><br>    Defendant. | Civil Action No. 05-1482 (CKK) |

## MEMORANDUM OPINION
(May 22, 2009)

Plaintiff Gary Berntsen is a former covert employee of the Central Intelligence Agency ("CIA").  He is also the author of *Jawbreaker*, a book describing some of his experiences while working in his former covert capacity.  Pursuant to a secrecy agreement executed between the parties, Berntsen submitted a draft manuscript of *Jawbreaker* to the CIA for review prior to its publication.  After finding the pace of the CIA's review to be unacceptably slow, and then finding the amount of information redacted by the CIA as classified to be unsatisfactory, Berntsen filed this lawsuit seeking an order allowing him to publish his unredacted manuscript.

At the request of the parties, the Court granted several lengthy periods of time for the parties to resolve their disputes without further judicial intervention.  The parties' discussions were largely but not completely successful, and 18 items redacted from Berntsen's manuscript remain in dispute.  Pursuant to a briefing schedule set by the Court, the CIA filed a Motion for Summary Judgment as to the remaining 18 items.  Berntsen did *not* file an Opposition to the CIA's Motion for Summary Judgment, thereby rendering the motion uncontested.  After a

searching review of the CIA's Motion for Summary Judgment, the attached exhibits, the CIA's *ex parte*, *in camera* declaration submitted in support of the motion, relevant case law, statutory authority, and the entire record of the case as a whole, the Court shall GRANT the CIA's Unopposed [54] Motion for Summary Judgment, for the reasons that follow.

## I.  BACKGROUND

The facts underlying this case are undisputed.  Berntsen was a covert employee of the CIA from 1982 to 2006.[1]  *See* Defs.' Statement of Material Facts ("Defs.' Stmt.") ¶ 1.  As a condition of his employment, Berntsen entered into a secrecy agreement with the CIA on October 6, 1982.  *Id.*  ¶ 2.  Pursuant to the secrecy agreement, Berntsen agreed to submit certain materials to the CIA for review and receive written permission from the CIA before taking any steps toward publicly disclosing such materials:

> I hereby agree to submit for review by the [CIA] all information or materials including works of fiction which contain any mention of intelligence data or activities, or contain data which may be based upon information classified pursuant to Executive Order, which I contemplate disclosing publicly or which I have actually prepared for public disclosure, either during my employment or other service with the [CIA] or at any time thereafter, prior to discussing it with or showing it to anyone who is not authorized to have access to it.  I further agree that I will not take any steps toward public disclosure until I have received written permission to do so from the [CIA].

Defs.' Mot., Ex. 1 at 1 (10/6/82 Secrecy Agreement).

The CIA's Publications Review Board ("PRB") is the CIA entity responsible for reviewing submissions such as Berntsen's manuscript.  Defs.' Stmt. ¶ 5.  Berntsen submitted his manuscript for prepublication review on May 18, 2005.  *Id.* ¶ 6.  After an initial review in

---

[1] Berntsen's cover was "lifted and rolled back" at his request on June 12, 2005.  Defs.' Stmt. ¶ 7.

October 2005, the PRB returned the manuscript to Berntsen with substantial redactions of information that it determined to be classified. *Id.* ¶ 8.

Berntsen filed this lawsuit on July 28, 2005, and filed an Amended Complaint on December 5, 2005. The Amended Complaint contains one count, titled "First Amendment - Right to Publish - Classification Challenge." Am. Compl. at 4. The Amended Complaint alleges that the CIA "has failed to show that Plaintiff's First Amendment right to publish is outweighed by its interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjectural." *Id.* ¶ 15. It further alleges that the CIA "has failed to demonstrate the existence of substantial government interests that would enable it to prohibit the publication of certain information within Plaintiff's manuscript." *Id.* ¶ 16. The Amended Complaint seeks, among other relief, the right to publish the redacted portions of the manuscript.[2] *Id.* at 5.

During the course of the litigation, and after numerous discussions between the parties, Berntsen provided the PRB with a classified submission identifying 97 items that he wanted to publish in his manuscript. *Id.* ¶ 9. In August 2008, the PRB completed its review of the 97 items and agreed to withdraw its objections as to all but 18 of the items identified by Berntsen. *Id.* The CIA now moves for summary judgment on the 18 items that remain in dispute.

The CIA supports its Motion for Summary Judgment with an unclassified declaration from Karen T. Pratzner, an Associate Information Review Officer for the National Clandestine Service of the CIA. *See* Pratzner Unclass. Decl. ¶ 1. Ms. Pratzner has also submitted an *ex parte*, *in camera* classified declaration containing detailed item-by-item justifications for the

---

[2] The Amended Complaint also alleges that the CIA failed to timely complete its review of the manuscript, and therefore, seeks an order to require the CIA to complete its review. This allegation was subsequently mooted when the CIA completed its review of the manuscript.

PRB's determinations.  As set forth in her declarations, Ms. Pratzner concludes that the

remaining 18 items reveal intelligence sources, methods and activities, foreign government

information, or information impacting the foreign relations of the United States, and that

publication of this information could cause serious damage to national security, endanger the

safety and lives of individuals who work for and with the CIA, and undermine the ability of the

CIA to collect intelligence information.  *See* Pratzner Unclass. Decl. ¶¶ 31-52.  Ms. Pratzner also

concludes that none of the information associated with the remaining 18 items has been officially

disclosed or acknowledged by the CIA.  *Id.* ¶¶ 53-60.

## II.  LEGAL STANDARDS AND DISCUSSION

This case involves a straightforward application of controlling legal principles to

uncontested facts.  Pursuant to Federal Rule of Civil Procedure 56, a party is entitled to summary

judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits

demonstrate that there is no genuine issue of material fact in dispute and that the moving party is

entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Tao v. Freeh*, 27 F.3d 635, 638

(D.C. Cir. 1994).

As an initial matter, the CIA's enforcement of its secrecy agreement, and the

corresponding prohibition on Berntsen's publication of classified information, do not implicate

the first amendment.  *See McGehee v. Casey*, 718 F.2d 1137, 1144 (D.C. Cir. 1983) ("[w]e hold

that the CIA censorship of 'secret' information contained in former agents' writings and obtained

by former agents during the course of CIA employment does not violate the first amendment");

*Stillman v. CIA*, 517 F. Supp. 2d 32, 38 (D.D.C. 2007) ("[c]ourts have uniformly held that

current and former government employees have no First Amendment right to publish properly

4

classified information to which they gain access by virtue of their employment"). Rather, the first amendment is only implicated to the extent that the CIA has sought to prohibit Berntsen from publishing *unclassified* information. *See McGehee*, 718 F.2d at 1148 ("[the plaintiff] has a strong first amendment interest in ensuring that CIA censorship of his article results from a *proper* classification of the censored portions"); *Stillman*, 517 F. Supp. 2d at 37 n.4 ("[t]he Court recognizes . . . that any secrecy agreement which purports to prevent disclosure of unclassified information would contravene First Amendment rights") (citing *United States v. Marchetti*, 466 F.2d 1309, 1317 (4th Cir. 1972)). Accordingly, the sole claim asserted in Berntsen's Amended Complaint, titled "First Amendment - Right to Publish - Classification Challenge," requires the Court to engage in a single inquiry into whether the PRB has properly classified the remaining items in dispute. *See Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003) ("[i]f the Government classified the information properly, then [the plaintiff] has no *first amendment* right to publish it").

To determine whether the PRB has properly classfied the remaining items, the Court has considered the unclassified declaration and the *ex parte*, *in camera* classified declaration submitted by Ms. Pratzner. Although the Court's review of these declarations has been searching and thorough, the Court remains cognizant that the CIA's justifications for its classification decisions are entitled to substantial deference. *See McGehee*, 718 F.2d at 1149 ("[courts must give] deference to reasoned and detailed CIA explanations").

Having reviewed these declarations, Ms. Pratzner has established that the CIA's classification decisions with respect to Berntsen's manuscript have met the standards required by the Executive Order governing the classification of information by the Executive Branch. *See*

Exec. Order 12,958, 60 Fed. Reg. 19,825 (Apr. 17, 1995), amended by Exec. Order 13,292, 68

Fed. Reg. 15,315 (Mar. 25, 2004).  In particular, Berntsen's manuscript was reviewed by an

original classification authority, *see* Pratzner Unclass. Decl. ¶¶ 1-5, 24-27, the information

subject to classification was within the control of the government, *id.* ¶¶ 11-13, 53, the

information fell within three of the eight authorized classification categories, *id.* ¶ 26, and the

disclosure of the information "reasonably could be expected to result in damage to the national

security." *Id.* ¶ 7.  Ms. Pratzner has also established that the CIA has not officially released this

information into the public domain despite the publication of other works by former government

officials or journalists.  *See* Pratzner Class. Decl. ¶¶ 75-85.

　　　Ms. Pratzner's classified *ex parte*, *in camera* declaration also contains an item-by-item

justification as to each of the 18 disputed items.  These justifications establish that disclosure of

the information associated with these 18 items would reveal intelligence sources, methods and

activities, foreign government information, or information impacting the foreign relations of the

United States, and that disclosure could cause serious damage to national security, endanger the

safety and lives of individual who work for and with the CIA, and undermine the ability of the

CIA to collect intelligence information.  *Id.* ¶¶ 33-74.  Because Berntsen has not filed an

Opposition in this case, none of these conclusions have been contested, and none have been

controverted by anything in the record.

　　　Based on the Court's consideration of the foregoing, the Court concludes that the CIA has

properly classified the 18 disputed items in Berntsen's manuscript.  Accordingly, the Court shall

grant the CIA's Motion for Summary Judgment.

**III.  CONCLUSION**

For the reasons set forth above, the Court shall GRANT the CIA's Unopposed [54]

Motion for Summary Judgment.  This case shall be dismissed in its entirety.  An appropriate

Order accompanies this Memorandum Opinion.

Date: May 22, 2009

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge